ENVIREX, INC., Respondent, v CECIL M. GARROW CONSTRUCTION, INC., et al., Appellants, and VILLAGE OF DANNEMORA, Respondent.

Third Department, March 1, 1984

APPEARANCES OF COUNSEL

*Glen N. Armitage* for appellants.

*Anthony R. Ianniello* (*Elaine Wallace Braden* of counsel), for Envirex, Inc., respondent.

OPINION OF THE COURT

YESAWICH, JR., J.

Defendant Village of Dannemora entered into a public improvement contract with defendant D. L. Paro, Inc. (Paro), which in turn subcontracted with defendant Cecil M. Garrow Construction, Inc. (Garrow), for certain labor and materials. Plaintiff contracted to supply Garrow with a mechanical bar screen and parts to be used in this sewer

construction project. The contract price was $28,400 and the agreed delivery date April 12, 1981. Because delivery occurred eight days late, Paro deducted $4,693.82 from its payment for costs it experienced due to the delay, sending plaintiff a check for $23,706.18.

The check was accompanied by a covering letter itemizing Paro's claimed costs. Plaintiff negotiated the check and wrote Paro a letter denying responsibility for the costs incurred. Two and one-half months later, on September 22, 1981, plaintiff demanded payment of the $4,693.82. When Paro failed to make payment, plaintiff, on July 12 and 26, 1982, served notices of lien on the public improvement in the amount of $4,693.82 upon the Mayor and Treasurer of the Village of Dannemora, respectively. Notices of the mechanic's lien were again mailed to the Mayor and Treasurer on February 10, 1983. During the preceding December, this action to recover $4,693.82 for breach of contract and to enforce the lien was commenced.

Defendants Paro and Garrow moved for summary judgment dismissing the complaint and for an order removing the lien. Plaintiff cross-moved for summary judgment establishing and enforcing its lien and for an order holding Paro and Garrow liable for any deficiency. Special Term denied defendants' motion in its entirety and granted plaintiff's cross motion. This appeal by defendants Paro and Garrow followed.

■ Paro and Garrow contend that Special Term erred in not granting them summary judgment, alleging that an accord and satisfaction of the debt occurred when plaintiff cashed the check for $23,706.18. We disagree. This check represented payment of a sum undisputedly due plaintiff; hence, its negotiation by plaintiff could not constitute an accord and satisfaction of the disputed claim (*Manley v Pandick Press,* 72 AD2d 452, 455, app dsmd 49 NY2d 981).

Furthermore, to achieve an accord and satisfaction, the debtor must make it clear that the check is being tendered only on condition that it is taken in full payment of the disputed claim (*Boyle v American Airlines,* 89 AD2d 667; *Manley v Pandick Press, supra,* pp 455-456). Not only did Paro neglect to make any notation on the check itself indicating that it was proffered with the stipulation that it

be accepted as payment in full, but Paro's correspondence accompanying the check simply does not amount to a clear manifestation of intent to offer a compromise. After reciting that the check for $23,706.18 "included * * * the back charge for the expenses we incurred", the remainder of the letter was devoted to documenting those expenses, "which left the balance of the check". Given the absence of unequivocal language expressive of intent, we cannot find an accord and satisfaction as a matter of law. What the parties intended is a matter for the trier of the facts (*Manley v Pandick Press, supra,* p 456). Since issues of fact remain regarding whether the parties intended an accord and satisfaction and, if not, what amount, if any, is still due plaintiff, summary judgment was inappropriate.

■ Lastly, we find that Special Term properly denied defendants' motion to vacate the public improvement lien and rightly ordered plaintiff's lien to be continued. The second notice of lien mailed February 10, 1983, at a time when the project had not yet been completed and accepted, was valid (Lien Law, § 12) and plaintiff obtained an order continuing this lien within six months thereafter (Lien Law, § 21, subd 2, par [a]).

The order should be modified, on the law, by reversing so much thereof as granted plaintiff's cross motion for summary judgment; the cross motion denied; and, as so modified, affirmed, without costs.

MAIN, J. P., CASEY, MIKOLL and LEVINE, JJ., concur.

Order modified, on the law, by reversing so much thereof as granted plaintiff's cross motion for summary judgment; cross motion denied; and, as so modified, affirmed, without costs.