■ EDYTHE M. HEROUX, Respondent, v LOUDON C. PAGE, JR., Appellant. — Appeal (1) from an order of the Supreme Court at Special Term (Cobb, J.), entered November 25, 1983 in Saratoga County, which, *inter alia,* granted plaintiff's motion for summary judgment, and (2) from the judgment entered thereon.

On December 19, 1979, plaintiff and her husband entered into a land sale contract to convey certain property in the Town of Greenfield, Saratoga County, to defendant. The contract provided that the sellers would allow defendant to have possession of the property pending completion of the agreement and that, upon payment of the full purchase price, the sellers would convey title to the property to defendant. The contract price was $34,000, payable $4,000 at or before the signing of the contract, with the $30,000 balance to be paid over the following three years. This $30,000 included the amount of the principal balance of an existing first mortgage. In addition to the aforementioned amounts, defendant was to pay $225 per month during the three-year period of the contract to be used by the sellers to pay principal and interest on the mortgage and estimated taxes and assessments.

The contract also provided that: "with regard to the payments on principal and interest * * * the balance due to the sellers herein upon the final payment in accordance with the terms of this Agreement being made by the buyer, shall be reduced by an amount equal to the reduction in the aforementioned principal balance due on the first mortgage." The contract further provided for reduction of the monthly payments and the amounts due upon closing for payments for taxes or fire insurance paid by the buyer upon the sellers' failure to make such payments. Finally, the contract provided that, at the end of three years, the balance of the principal amount due on the existing first mortgage would become due and that a "balloon payment in that amount" would be paid by defendant to sellers or the mortgagee. There was no provision in the contract for a reduction in the principal amount to be paid by defendant in the event of a reduction of mortgage principal as a result of the payment of mortgage life insurance covering the lives of plaintiff and her husband. Plaintiff's husband died during the three-year term of the contract.

Plaintiff commenced this lawsuit after defendant allegedly failed to make the required monthly payments in January, 1982 and thereafter. Defendant, in his answer, raised as affirmative defenses and counterclaims an alleged understanding between the parties that defendant would pay the premiums for mortgage life insurance on plaintiff and her husband and would receive the benefit of the proceeds of such insurance by way of a reduction of the mortgage upon the death of plaintiff or her husband. Defendant contends that as a result of plaintiff's husband's death, the balance due on the mortgage was paid in full. The genesis of defendant's affirmative defenses and counterclaims was a letter from defendant's attorney to plaintiff's attorney which provided, *inter alia,* that defendant would continue to pay the premiums for the mortgage life insurance. The contract had not stated that defendant was to pay such premiums.

Plaintiff moved for summary judgment and the dismissal of defendant's counterclaims. Special Term granted plaintiff's motion and dismissed four of defendant's counterclaims. This appeal by defendant from Special Term's order and the judgment entered thereon ensued. We affirm.

A contract for the sale of real property and any modification thereof must be in writing (General Obligations Law, § 5-703, subd 3). Here, defendant claims that the letter from his lawyer to plaintiff's attorney is such a writing and satisfies the Statute of Frauds. We disagree. The letter which defendant contends modifies the contract of sale does not state that defendant would receive the benefit of any proceeds of the mortgage life insurance. The letter states only that a portion of the monthly payment made by defendant was to be used to pay the mortgage life insurance premiums. That portion of the monthly payment used to pay the premium was already included in the total monthly sum required of defendant by the land sale contract. Thus, defendant was not, as a result of the letter, required to pay anything more than was required of him by the land sale agreement. Accordingly, there was no modification in writing of the contract as required by the Statute of Frauds. Further, since defendant only paid what was required of him by the contract, there is no estoppel exception to the Statute of Frauds. Therefore, since the land sale contract was unambiguous in its terms and the afore-mentioned letter was not an acceptable modification, we are constrained to conclude that defendant failed to raise a triable issue of fact (see *Mallad Constr. Corp. v County Fed. Sav. & Loan Assn.,* 32 NY2d 285, 290).

Finally, although defendant appealed from the entire order and judgment, he has failed to advance any argument in his

brief with regard to Special Term's disposition of his counter-claims. As a result, his appeal with respect to the dismissal of his counterclaims is deemed abandoned (see *Peluso v Rochester Gen. Hosp.*, 64 AD2d 1013).

Order and judgment affirmed, with costs. Mahoney, P. J., Kane, Casey, Levine and Harvey, JJ., concur.