■ CONBOY, MCKAY, BACHMAN & KENDALL, Appellant, v JOANNE M. ARMSTRONG, Respondent.

Plaintiff sent defendant three separate itemized bills for services rendered. A check for $270.64 was tendered as final payment on the initial bill, dated October 3, 1981, for services rendered between July 14, 1980 and September 30, 1981. When she tendered the check, defendant was in possession of two additional itemized bills totaling $612.49 for services rendered between October 6, 1981 and October 28, 1982. Inasmuch as there was no dispute about the amount owed, negotiation of the check for the balance due under the October 3, 1981 bill could not form the basis for an accord and satisfaction of the remaining claims (*Envirex, Inc. v Garrow Constr.*, 99 AD2d 307, 308; *Manley v Pandick Press*, 72 AD2d 452, 455, *appeal dismissed* 49 NY2d 981). Moreover, acceptance of a check will operate as an accord and satisfaction only when the person receiving the check has been clearly informed that acceptance of the amount offered will settle or discharge the claim (*Merrill Lynch Realty/Carll Burr, Inc. v Skinner*, 63 NY2d 590, 596, *supra*). Here the restrictive language does not appear on the back of the instrument where an indorsement is normally placed. At most, the legend which "was not highlighted nor marked in any way as to draw attention to it" creates an issue of fact as to whether plaintiff was aware that the check was being sent in full satisfaction of the entire debt (*Itoh & Co. v Honerkamp Co.*, 99 AD2d 417, 418). Inasmuch as the Justice Court resolved that issue in plaintiff's favor following a hearing, the judgment of that court must be reinstated. (Appeal from order of Jefferson County Court, Aylward, J. — action for legal services.) Present — Dillon, P. J., Callahan, Denman, Green and Schnepp, JJ.