■ STEFAN BER, Appellant, v RICHARD L. JOHNSON et al., Respondents.—Order unanimously reversed on the law with costs and motion granted. Memorandum: On appeal from an order denying his motion for summary judgment, plaintiff contends that he is entitled to recover on a promissory note in accordance with its tenor notwithstanding defendants' claim that the note was modified and satisfied by plaintiff's oral or tacit acceptance of 50,000 shares of stock in lieu of cash payment. We conclude that plaintiff is entitled to summary judgment because, in the circumstances presented, the defenses of oral modification and accord and satisfaction are insufficient to preclude recovery on the note.

The doctrine of accord and satisfaction allows contracting parties to make a new contract discharging all or part of their obligations under the original contract. Accord and satisfaction is accomplished by the promisor's tender of alternative performance in satisfaction of his original obligation and by the promisee's acceptance of such alternative performance. "For the defense to be established, it must first be shown that there is a disputed unliquidated claim between the parties which they have mutually resolved through a new contract 'discharging all or part of their obligations under the original contract' " (Conboy, McKay, Bachman & Kendall v Armstrong, 110 AD2d 1042, quoting *Merrill Lynch Realty/Carll Burr, Inc. v Skinner,* 63 NY2d 590, 596). Here, defendants cannot invoke that defense because their original obligation under the note was not disputed or unliquidated. The note unequivocally and indisputedly requires payment of a liquidated sum, $50,000 in cash. Thus, transfer of stock cannot form the basis of an accord and satisfaction *(Conboy, McKay, Bachman & Kendall v Armstrong, supra; Envirex, Inc. v Garrow Constr.,* 99 AD2d 307, 308).

Nor does plaintiff's alleged oral or tacit acceptance of the stock constitute a modification of the note. Because defendants' original obligation constituted a note and guarantee, it was required to be in writing *(see,* Uniform Commercial Code § 3-104 [1], [2]; General Obligations Law § 5-701 [a] [2]) and the Statute of Frauds precludes an oral executory modification. "[W]here an original agreement comes within [the] provisions of the statute of frauds requiring certain agreements to be in writing, the statute of frauds renders invalid and ineffectual a subsequent oral agreement changing the terms of the written contract, no matter how slight the attempted variation or by whom it was made" (61 NY Jur 2d, Frauds, Statute of, § 140, at 217-218; *see, M. H. Metal Prods. Corp. v April,* 251 NY 146, 150; *Van Iderstine Co. v Barnet Leather Co.,* 242 NY 425, 430; *Heroux v Page,* 107 AD2d 862, 863; *Awad & Co. v Pillsbury Mills,* 9 AD2d 870, *lv denied* 8 NY2d 705, *appeal dismissed* 8 NY2d 747; *cf.,* General Obligations Law §§ 5-1103, 15-301 [1], [2]). Thus, defendants may not rely on plaintiff's alleged oral acceptance of the stock as the basis for their defense of modification.

We reject defendants' argument that part performance takes this case out of the Statute of Frauds. Defendants have not shown that their tender of the stock is unequivocally referable to plaintiff's alleged supporting promise to release them from liability on the note *(see, Scutti Enters. v Wackerman Guchone Custom Bldrs.,* 153 AD2d 83, 87-88, *lv denied* 75 NY2d 709, and cases cited therein). Nor have they shown that fraud, injustice and hardship will result if the court does not enforce plaintiff's alleged promise to release defendants from liability *(Scutti Enters. v Wackerman Guchone Custom Bldrs., supra).*

Finally, there is no merit to defendants' argument that plaintiff is estopped from asserting the Statute of Frauds. Defendants have made no showing of a detrimental change of position, and thus can show no prejudice as a result of plaintiff's assertion of the Statute of Frauds. (Appeal from order of Supreme Court, Erie County, Gorski, J.—summary judgment.) Present—Dillon, P. J., Denman, Green, Pine and Lowery, JJ.