**Howard I. GOLDEN, Plaintiff,**

v.

**GUARANTY ACCEPTANCE CAPITAL CORPORATION, Defendant.**

**No. 91 Civ. 2994 (CHT).**

United States District Court, S.D. New York.

Dec. 9, 1992.

Howard I. Golden, P.C., New York City, for plaintiff.

Bruce H. Beckmann, P.C., Rosensteel & Beckmann, New York City, for defendant.

## OPINION AND ORDER

TENNEY, District Judge:

Plaintiff, a lawyer proceeding pro se, brings this action against his former em-

ployer for severance pay due under his employment contract and for interest on that pay. Plaintiff has moved for summary judgment pursuant to Federal Rule of Civil Procedure 56(b) and for attorney's fees under Rule 11. For the reasons discussed below, the motion for summary judgment is granted in part. Because of this disposition, this court does not reach the question of Rule 11 sanctions.

## BACKGROUND

In 1986, Howard I. Golden was a member of the firm Dimas, Golden & Johnson when defendant Guaranty Acceptance Capital Corporation ("GACC") was referred to him as a client. After working together for an unspecified time, GACC's president, Jack T. Zeitman, offered Golden a position of Vice President and counsel of GACC. By his own admission, Zeitman offered plaintiff a salary of $100,000 per year. Affidavit of Jack Zeitman in Opposition to the Motion for Summary Judgment, sworn to July 13, 1992 ("Zeitman Aff."), ¶ 3. Golden accepted the offer by means of a written contract, apparently drafted by Golden himself. The contract was signed by Zeitman and Golden on April 9, 1986.

The contract contained two clauses that are relevant to the motion at hand. The first states that if Golden was dismissed "without just cause" before April 9, 1989, GACC would pay him severance pay equal to his base salary for the prior year, or $85,000 if the dismissal was in the first year. "Just cause" is defined in the clause.[1] The second clause is a boilerplate merger clause.[2]

GACC began a move to the West Coast in the latter part of 1986. Golden was kept on as an in-house attorney in the New York office to help wind down the company's affairs, during which time he received his full salary. After the New York office was completely closed, GACC employed Golden on a fixed retainer. Zeitman eventually halved and then terminated the retainer. *See* Zeitman Aff. ¶ 6; Affirmation of Howard I. Golden in Support of Motion for Summary Judgment, sworn to June 1, 1992 ("Golden Aff."), ¶ 7.

Over the following three years, Golden and Zeitman discussed the issue of Golden's severance pay, but the parties failed to reach a settlement. In April, 1991, plaintiff filed suit in this court.

## DISCUSSION

### I. *Summary Judgment*

A moving party is entitled to receive summary judgment as a matter of law when the party demonstrates that no genuine issue as to any material fact exists. F.R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion" and mustering the materials that demonstrate the absence of a genuine issue of material fact. *Celotex v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). Once a motion for summary judgment has been properly made, the burden is shifted to the nonmoving party who must make a sufficient showing of material facts in dispute. *Id.* at 323–24, 106 S.Ct. at 2553. No genuine issue for trial exists if

---

**1.** The complete text of the clause is:

7. *Severance Pay:* In the event the Company dismisses Executive [Golden] without just cause prior to April 9, 1989, as compensation for his withdrawal from his law firm, the Company shall pay Executive severance pay equal to the base salary for the prior year, or if such dismissal is in the first year, the sum of $85,000. For the purposes of this paragraph, the term "just cause" shall mean any of the following:
  1. Theft or misappropriation of Company property.
  2. Breach of confidentiality of Company business.

3. Failure to work an appropriate number of hours or in an appropriate manner.
4. Conviction of any crime which would prevent Executive from being bonded.

**2.** The complete text of the clause is:

10. *Entire Agreement:* This Agreement constitutes the entire agreement between the parties as of the date hereof with respect to the Executive's employment by the Company and may not be amended or terminated orally. No modification hereof shall be valid unless in writing and signed on behalf of the Company by its President and the Executive.

there is insufficient evidence for the jury to render a verdict in favor of the opposing party. *Anderson*, 477 U.S. at 249, 106 S.Ct. at 2510. In the context of contracts,

> [i]f an ambiguity in the contract exists, then summary judgment is generally improper, because the principles governing summary judgment "require that where contract language is susceptible of at least two fairly reasonable meanings, the parties have a right to present extrinsic evidence of their intent at the time of contracting."

*Ginett v. Computer Task Group, Inc.*, 962 F.2d 1085, 1097 (2d Cir.1992) (quoting *Schering Corp. v. Home Ins. Co.*, 712 F.2d 4, 9 (2d Cir.1983)).

"In deciding whether to grant summary judgment all inferences drawn from the materials submitted to the trial court are viewed in a light most favorable to the party opposing the motion. The nonmovant's allegations are taken as true and it receives the benefit of the doubt when its assertions conflict with those of the movant." *Cruden v. Bank of New York*, 957 F.2d 961, 975 (2d Cir.1992). However, "[c]onclusory allegations will not suffice to create a genuine issue. There must be more than a 'scintilla of evidence,' and more than 'some metaphysical doubt as to the material facts.'" *Delaware & Hudson Railway Co. v. Consolidated Rail Corp.*, 902 F.2d 174, 178 (2d Cir.1990) (quoting *Anderson*, 477 U.S. at 252, 106 S.Ct. at 2512 and *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1355, 89 L.Ed.2d 538 (1986)). Because the substantive law will identify the material facts, "only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510.

Defendant asserts two defenses to this claim for severance pay. The first defense seeks to undermine the validity of the contract. GACC claims that Golden misrepresented his salary prior to coming to GACC in order to secure a higher salary and then executed an employment agreement with "onerous" provisions—presumably the severance and merger clauses. As a result of these actions, GACC believes that questions of fact and credibility on the issue of contract formation constitute grounds for denying the present motion.

In support of its position, GACC relies upon *Jacobson v. Sassower*, 66 N.Y.2d 991, 489 N.E.2d 1283, 499 N.Y.S.2d 381 (1985), and *Shaw v. Manufacturers Hanover Trust Co.*, 68 N.Y.2d 172, 499 N.E.2d 864, 507 N.Y.S.2d 610 (1986). In *Jacobson*, the New York Court of Appeals awarded a portion of a non-refundable retainer to a client who had discharged his attorney without cause. After reviewing the policy reasons for placing the burden on an attorney of showing that a fee contract is fair, reasonable, and fully known and understood by the client, the court concluded that the retainer agreement was ambiguous because it did not state that the retainer was a minimum fee and that the entire sum would be forfeited notwithstanding any event that terminated the attorney-client relationship. *Jacobson*, 66 N.Y.2d at 993, 489 N.E.2d at 1284, 499 N.Y.S.2d at 382. In *Shaw*, the court found that where there are competing reasonable readings of a contingent fee retainer, "the law requires that an agreement between client and attorney be construed most favorably for the client." *Shaw*, 68 N.Y.2d at 177, 499 N.E.2d at 866, 507 N.Y.S.2d at 612 (citations omitted).

Neither case, on its face, is helpful in the present controversy. Both *Jacobson* and *Shaw* were resolved in favor of the client because of inherent ambiguities in the disputed contracts. GACC offers no alternative construction to any term in Golden's employment contract that affects this dispute. As to the salary paid under the contract, Zeitman asserts that he offered Golden a $100,000 salary only after Golden represented that that was his approximate salary with the firm of Dimas, Golden & Johnson. He claims, without additional evidence, that he later learned that "Golden was not making anything close to $100,000 per year.... Had I known that Golden was not as successful as he claimed, I would have had second thoughts about hiring him, and certainly would not have

agreed to the severance package which he put forth." Zeitman Aff. ¶ 3.

Golden swears that he made no such claim concerning his former salary. Reply Affirmation of Howard I. Golden in Support of Motion for Summary Judgment, sworn to July 30, 1992 ("Golden Reply Aff."), ¶ 3(A). He argues that even if he had made such a misrepresentation, it would be of no importance because his salary was not the basis for his hiring. Golden further asserts that the merger clause renders the entire subject moot. This court does not agree.

█ As a matter of public policy, courts have a duty to pay particular attention to fee arrangements between attorneys and their clients. *Jacobson,* 66 N.Y.2d at 993, 489 N.E.2d at 1284, 499 N.Y.S.2d at 383 (citing *Smitas v. Rickett,* 102 A.D.2d 928, 929, 477 N.Y.S.2d 752, 754 (3 Dept.1984)). Although generally, a lawyer's compensation is governed by the express terms of the contract with a client,

> "few propositions are better established than that our courts do retain power of supervision" to consider, notwithstanding the agreement, a client's challenge thereto as unreasonable, unconscionable, exorbitant or for any reason that would move a court of equity to modify it or set it aside.

*Williamson v. John D. Quinn Const. Corp.,* 537 F.Supp. 613, 617 (1982) (Weinfield, J.).[3]

█ Reading the pleadings in favor of the defendant, as this court must, the issue of misrepresentation brings into question the validity of the entire contract. The merger clause offers no protection, because a contract procured by fraudulent inducement cannot be saved by its own terms. In denying the motion for summary judgment on this ground, the court does note that defendant, through Zeitman's affidavit, has offered evidence which barely reaches the *Anderson* standard of presenting a "scintilla of evidence."[4] Because the allegation of misrepresentation, although thin on the present record, nevertheless presents a material fact, the motion for summary judgment must fail on this ground.

█ The second ground on which the defendant seeks to challenge this motion is based on principles of accord and satisfaction. Zeitman claims that as company affairs were winding down in New York, GACC and Golden reached a new agreement and arrangement. Under this agreement, Golden continued to receive his full salary while no longer being obligated to devote his full time to the business; received a free full-time secretary to allow him to service an unrestricted clientele; gained title to furniture, fixtures, and equipment to allow him to set up a new practice; and received a monthly retainer for "greater than the value of the work to be performed, and was in lieu of the severance pay or any other obligation of GACC to Golden under the employment agreement." Zeitman Aff. ¶ 9.

Defendant faces several problems by asserting this affirmative defense. As a preliminary matter, under New York law, the party claiming the defense must show "that there is a disputed unliquidated claim between the parties which they have mutually resolved through a new contract 'discharging all or part of their obligation under the original contract.' " *Conboy, McKay, Bachman & Kendall v. Armstrong,* 110 A.D.2d 1042, 1042, 488 N.Y.S.2d 901, 902 (4 Dept.1985) (quoting *Merrill Lynch Realty/Carll Burr, Inc. v. Skinner,* 63 N.Y.2d 590, 596, 473 N.E.2d 229, 232, 483 N.Y.S.2d 979, 982 (1984)) (citations omitted). Plaintiff properly points out that the dispute in this case is a liquidated one: $100,000 in severance pay. Even if this were not a barrier to the defense, the court in *Conboy* held that "acceptance of a check will operate as an

---

**3.** This court expresses no opinion as to whether a future full-time employer is the same as a client in relation to an attorney. However, as this case concerns the ethical conduct of an attorney in the preparation of a contract of which he was a beneficiary, the court nevertheless has a strong interest.

**4.** Defendants also represent that they have sought Golden's income tax returns for 1985 and prior years. According to GACC, Golden has claimed unavailability. Defendant's Memorandum in Opposition to the Motion at 2, n. 1.

accord and satisfaction only when the person receiving the check has been clearly informed that acceptance of the amount offered will settle or discharge the claim." *Conboy*, 110 A.D.2d at 1042, 488 N.Y.S.2d at 902 (citing *Merrill Lynch*, 63 N.Y.2d at 596, 473 N.E.2d at 232, 483 N.Y.S.2d at 982). There is no evidence whatsoever that Golden had been clearly informed that the retainer he was receiving was intended to settle his potential claim.[5]

Beyond these difficulties, plaintiff cannot escape the language of the original employment contract. As indicated above, the merger clause specifically states that "no modification hereof shall be valid unless in writing and signed on behalf of the Company by its President and the Executive." *See supra*, n. 2. Defendant offers no evidence of the existence of any writing memorializing the second agreement. Indeed, in its memorandum of law in opposition to the motion for summary judgment, defendant neither advances any legal argument concerning accord and satisfaction nor asserts any additional facts that would lead this court to believe that such a writing exists. As there is no ambiguity in the contract, as the substantive law precludes a defense of accord and satisfaction in the instant case, and as the defendant has not produced evidence of any subsequent agreement, GACC cannot meet its burden under *Celotex*. Accordingly, the motion for summary judgment is granted in part, thereby foreclosing the defendant from asserting the affirmative defense of accord and satisfaction.

## II. *Rule 11 Sanctions*

Because of this court's disposition of the summary judgment motion, Rule 11 sanctions will not be considered at this time.

SO ORDERED

---

**5.** Plaintiff does not deny that he was paid for work done between 1987 and 1991. Rather, he contends that the pay he received over that period was for services rendered. As proof, he offers a detailed bill of professional services rendered as part of the firms Eisenberger & Golden; Eisenberger, Golden & Fox; and Howard I. Golden, P.C. The billing period covers May 1, 1987 through December 31, 1990. Golden Reply Aff., Exhibit C.