■ NATU I. PATEL et al., Respondents, v MIRIAM ORMA et al., Defendants, and SUNSHINE RENT A CAR et al., Appellants.
—In an action to recover damages for personal injuries, etc., Sunshine Rent A Car and Andrew J. Ferrier appeal, by permission, from an order of the Appellate Term of the Supreme Court for the Second and Eleventh Judicial Districts, dated July 16, 1990, which reversed an order of the Civil Court of the City of New York, Queens County, entered June 2, 1989, and granted the plaintiffs' motion to enter judgment against the defendants pursuant to a stipulation of settlement in the amount of $10,000, together with interest from October 23, 1981, following a hearing on reasonable attorneys' fees.

Ordered that the order is affirmed, with one bill of costs payable by the appellants to the respondents.

The appellants contend that the stipulation of settlement placed on the record in open court on March 3, 1989, terminated the lawsuit, and that the plaintiffs were thus required to commence a new plenary action to enforce the stipulation. We disagree. Generally, the presumption is that an action is not automatically terminated merely because a settlement has been reached, and this "presumption may be overcome only upon a showing that the parties have executed an express, unconditional stipulation of discontinuance, or have entered judgment in accordance with the terms of the settlement"

*(Teitelbaum Holdings v Gold,* 48 NY2d 51, 56). Contrary to the appellants' contention, the record demonstrates that the stipulation of settlement did not unconditionally terminate the action. Absent such an unconditional stipulation of discontinuance, the plaintiffs were entitled to seek enforcement of the settlement stipulation by motion in the underlying action *(see, Teitelbaum Holdings v Gold, supra; HCE Assocs. v 3000 Watermill Lane Realty Corp.,* 131 AD2d 543; *Smith v Smith,* 128 AD2d 768).

We further reject the appellants' contention that the plaintiffs' acceptance of the untimely settlement checks constituted an accord and satisfaction barring them from seeking interest from October 23, 1981, and attorneys' fees, pursuant to a provision of the stipulation of settlement that the interest and attorneys' fees would be recoverable if the $10,000 principal amount were not paid within 30 days. As a general rule, acceptance of a check in full settlement of a disputed or unliquidated claim operates as an accord and satisfaction discharging the claim *(see, Merrill Lynch Realty/Carll Burr, Inc. v Skinner,* 63 NY2d 590; *Nassoiy v Tomlinson,* 148 NY 326). In order for an accord and satisfaction to be established, however, it must first be shown that there is a disputed unliquidated claim between the parties which they have mutually resolved through a new contract discharging all or part of their obligations under the original contract *(see, Merrill Lynch Realty/Carll Burr, Inc. v Skinner, supra; Conboy, McKay, Bachman & Kendall v Armstrong,* 110 AD2d 1042). Inasmuch as there was no dispute that the plaintiffs were owed the liquidated sum of $10,000 under the terms of the settlement agreement, their acceptance of this sum cannot form the basis for an accord and satisfaction *(see, Ber v Johnson,* 163 AD2d 817; *Conboy, McKay, Bachman & Kendall v Armstrong, supra).*

We have examined the parties' remaining contentions, and find that they are without merit. Bracken, J. P., Sullivan, Eiber and Ritter, JJ., concur.