■ Seth Nadel, Respondent, v Manhattan Life Insurance Company, Appellant. [621 NYS2d 180] —Mikoll, J. P. Appeal from an order of the Supreme Court (Peters, J.), entered

January 31, 1994 in Ulster County, which denied defendant's motion for summary judgment dismissing the complaint.

Fay Nadel (hereinafter Nadel) submitted her application for $450,000 of life insurance coverage with defendant on April 19, 1988. The named beneficiaries under the policy were her children, plaintiff and Barbara Nadel. On June 15, 1989 Nadel died as a result of a heart condition. As her death occurred within two years of the effective date of the policy, defendant caused a routine contestability investigation to determine whether the conditions of the policy were met.

David Popplewell, senior vice-president and director of underwriting research for defendant, opined that had Nadel disclosed her medical history in her application, defendant's guidelines would have ruled out issuance of the policy. Defendant then sent a letter to the named beneficiaries advising that defendant was denying the claim and rescinding the policy based on material misrepresentations in the application. At the same time defendant issued checks totaling $20,569.74 as payment of the refund of premiums paid plus interest. Plaintiff commenced the instant action to recover death benefits allegedly due under the terms of the policy. Defendant's subsequent motion for summary judgment was denied and this appeal ensued.

Supreme Court properly concluded from the testimony and documentary evidence that a question of fact exists as to whether Nadel made material misrepresentations on her application for insurance entitling defendant to rescind the policy. Accordingly, the order of Supreme Court denying defendant's motion for summary judgment should be affirmed.

The question of whether there are material misrepresentations is ordinarily a question of fact for the jury (see, Myers v Equitable Life Assur. Socy., 60 AD2d 942). At issue in this case is whether Nadel misrepresented and concealed a suicide attempt and psychiatric treatment inducing defendant to issue the policy in violation of its underwriting guidelines. In evaluating whether answers to questions on insurance applications are misstatements, the questions posed must be so plain and intelligible that any applicant can readily comprehend them and any ambiguities will be construed in favor of the insured (see, Vella v Equitable Life Assur. Socy., 887 F2d 388, 392).

Nadel responded positively to medical questions stating that she had a checkup within the past five years, and that she had experienced chest pains, a hernia, a heart condition and arthritis. No questions were asked specifically referring to

psychiatric problems. Construing the language of the questions in a manner most favorable to the insured (see, supra, at 391-392), and aware that an insured has no obligation to volunteer information not directly requested and that the answer to any ambiguous question cannot be the basis for a claim of misrepresentation against the insured (see, Berger v Manhattan Life Ins. Co., 805 F Supp 1097, 1104), it is clear that an ambiguity exists barring summary judgment in favor of defendant.

Defendant's argument that summary judgment is warranted based on Nadel's failure to satisfy a condition precedent in the application, namely that her health at the time of issuance of the policy be the same as described in the application, lacks merit. The question is one of fact for the jury to resolve.

Defendant argues that it is entitled to summary judgment because mental or nervous system disorders must be disclosed in the application, Nadel's condition was medical and she had a common-law duty to disclose her suicide attempt. However, these are jury issues. Michael Kenin, a psychiatrist who treated Nadel, testified that her mental condition was markedly improved and that she was back at work in February 1988 handling stress at work very well. Further, Kenin characterized her psychological problem as medical merely to facilitate her receiving the maximum insurance reimbursement benefits for the psychiatric care he rendered. Kenin also testified that Nadel's ingestion of 100 halcion tables was a suicide "gesture" and not an "attempt". A gesture is a cry for help rather than an attempt to kill oneself.

Defendant argues that plaintiff's acceptance of refund checks totaling $20,569.74 tendered upon rescission of the policy representing premiums paid plus interest released defendant from the insurance contract under the doctrine of accord and satisfaction. This argument is without merit. The intent of the parties governs the acceptance of the checks and that is for the jury to decide (see, Envirex, Inc. v Garrow Constr., 99 AD2d 307, 309). Defendant, as debtor, had the burden of making clear that the check was tendered only on the condition that it was in full payment of the disputed claim (see, supra, at 308).

Mercure, Crew III, Casey and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, with costs.