■ BANK OF NEW YORK, Appellant, v JOSEPH M. MURPHY, Respondent. MERRILL LYNCH PRIVATE CAPITAL INC., Appellant, v JOSEPH M. MURPHY, Respondent. [645 NYS2d 800] —Orders, Supreme Court, New York County (Walter Schackman, J.), entered December 7, 1995, which granted defendant's motions for reargument and thereupon denied plaintiffs' motions for summary judgment, unanimously reversed, to the extent appealed from, on the law, with costs, plaintiffs' motions granted, and the matter remanded for assessment of attorney's fees.

The motion court erred in denying plaintiffs' motions for summary judgment since defendant failed to raise any triable issue of fact. Plaintiffs' interpretation of the agreement at issue was reasonable, consistent with its plain meaning and gave effect to all of its terms, whereas defendant's interpretation rendered meaningless a critical portion of the provision at issue which barred the sale of stock unless defendant's indebtedness to plaintiffs was paid in full. Consequently, the extrinsic evidence offered by defendant should not have been considered by the court (see, Ruttenberg v Davidge Data Sys. Corp., 215 AD2d 191; 815 Park Ave. Owners v Fireman's Ins. Co., 225 AD2d 350; National Union Fire Ins. Co. v Williams, 223 AD2d 395).

Defendant also did not raise a triable issue of fact regarding the alleged oral modification agreement. The agreement did not constitute a novation because it failed to meet the requirements that it discharge with finality an unliquidated disputed claim, since no such claim existed at the time, and that the parties intended to substitute it for the prior agreement, since the evidence proves nothing more than an agreement to agree (see, Sheehy v Andreotti, 199 AD2d 148). However, even if the agreement otherwise constituted a novation, the fact that it was not evidenced by a writing requires that it be precluded by the Statute of Frauds (General Obligations Law § 15-301 [1]; Bank of N. Y. v LoFaso, 159 AD2d 475, 476).

The alleged modification agreement also did not constitute an accord and satisfaction, inasmuch as defendant failed to submit any evidence demonstrating the required tender of performance or "satisfaction" thereunder (Denburg v Parker Chapin Flattau & Klimpl, 82 NY2d 375, 383), and, as we stated relative to his novation argument, the requirement of an unliquidated disputed claim was not met (see, Patel v Orma, 190 AD2d 782, 783; Ber v Johnson, 163 AD2d 817).

Finally, defendant did not raise a triable issue of fact with respect to either his waiver or estoppel arguments. Although silence may result in waiver (*see, Matter of State Farm Auto. Ins. Co. v Blanco*, 208 AD2d 933, *lv denied* 85 NY2d 802; *Matter of State Farm Mut. Ins. Co. v Del Pizzo*, 185 AD2d 352), plaintiffs' silence regarding the selling of the hotel's common stock did not amount to acquiescence or waiver where there was no duty to speak (*see, Matter of Aetna Cas. & Sur. Co. v Crown*, 181 AD2d 883). As for estoppel, there was no evidence of prejudice in the form of conduct by defendant clearly based upon representations stemming from the alleged new agreement (*see, Blittner v Friesch-Groningsche Hypotheebank Realty Credit Corp.*, 221 AD2d 152). With regard to both waiver and estoppel, defendant did not prove the necessary element of justifiable reliance, since his assertion, that a sophisticated, experienced real estate investor such as he would enter into an unwritten modification of an agreement involving millions of dollars, strains credulity (*see, Chemical Bank v Broadway 55-56th St. Assocs.*, 220 AD2d 308; *Friesch-Groningsche Hypotheebank Realty Corp. v Ward Equities*, 188 AD2d 397; *New York State Urban Dev. Corp. v Marcus Garvey Brownstone Houses*, 98 AD2d 767, 770). Concur—Rosenberger, J. P., Wallach, Kupferman, Williams and Mazzarelli, JJ.

