◼ MARGARET COURTNEY-CLARKE, Respondent, v RIZZOLI INTERNATIONAL PUBLICATIONS, INC., Appellant. [676 NYS2d 529] —Order, Supreme Court, New York County (Stuart Cohen, J.), entered on or about January 17, 1997, which, insofar as appealed from, granted plaintiff author's motion for partial summary judgment dismissing defendant publisher's affirmative defenses of waiver, estoppel and accord and satisfaction, unanimously modified, on the law, to deny the motion as to the defense of estoppel, and to reinstate that defense, and otherwise affirmed, without costs.

The requisite clear manifestation of an intent by plaintiff to relinquish her known right to the royalty rate in the publishing agreement is not inferable, under the circumstances, from her mere silence, oversight or thoughtlessness in failing to object to the lower royalty rate she had been receiving, and thus the defense of waiver was properly dismissed (*see, Bank of N. Y. v Murphy*, 230 AD2d 607, 608, *lv dismissed* 89 NY2d 1030; *Peck v Peck*, 232 AD2d 540). The defense of accord and

satisfaction was also properly dismissed, there being no issue of fact as to the existence of a disputed claim at the time the reduced royalty payments were made (see, Bank of N. Y. v Murphy, supra, at 607; Consolidated Edison Co. v Jet Asphalt Corp., 132 AD2d 296, 303). However, the fourth affirmative defense of estoppel should not have been dismissed, there being issues of fact as to whether, as defendant asserts, further reprints of plaintiff's book would not have been economically viable unless plaintiff agreed to forgo her contractual royalty rate, defendant informed plaintiff of this choice, and plaintiff opted for further reprints at a reduced rate (see, Broadworth Realty Assocs. v Chock 336 B'way Operating, 168 AD2d 299, lv denied 77 NY2d 808). We have considered defendant's other contentions and find them to be without merit. Concur—Ellerin, J. P., Wallach, Tom, Mazzarelli and Saxe, JJ.