■ WILLIAM GOTTLIEB, Appellant, v TERRY NEWTON et al., Respondents. [677 NYS2d 126] —Order, Supreme Court, New York County (Emily Goodman, J.), entered November 13, 1997, which denied plaintiff's motion for summary judgment on his claim for $94,736.93 due under a stipulation in partial settlement of a dispute over accrued rent arrears, unanimously reversed, to the extent appealed from, on the law, with costs, summary judgment granted as to liability, the counterclaims severed, and the matter remanded to Supreme Court for a hearing on the issue of damages.

Defendants are assignees of a lease for commercial premises, which they formerly operated as a cafe at 415 Bleecker Street. Following expiration of the lease, they remained in possession, during which time they accumulated rent arrears in the amount of $40,730.25. In January 1995, following commencement of a summary nonpayment proceeding against them, defendant assignees entered into a stipulation with plaintiff landlord in which defendants agreed to repay this sum in installments and to remain current in accruing rent obligations. Defendants vacated the premises in September 1996 without complying with the settlement agreement. As of the date of plaintiff's summary judgment motion, defendants are alleged to owe $94,736.93 for rent, additional rent and arrears.

David L. Zinsser, the only defendant to have appeared in answer to the complaint, alleges that plaintiff landlord verbally agreed to enter into a written surrender agreement by which plaintiff would accept tender of the premises in return for granting a general release. However, it is conceded that no surrender agreement was ever executed. Defendant also asserts several counterclaims, disputing charges for water service, responsibility for certain repairs and application of a $25,000 security deposit.

Supreme Court denied plaintiff's motion for summary judgment. In a short-form order, the court found the grant of summary judgment to be "inappropriate" in view of the allegation that defendants vacated the premises "pursuant to a surrender of the lease and relief of tenant's outstanding obligations."

Plaintiff is entitled to summary judgment on the basis of the

written stipulation of settlement. The alleged parol agreement with respect to a surrender and release amounts to no more than an agreement to agree and is not enforceable (*Martin Delicatessen v Schumacher*, 52 NY2d 105, 109-110; *Charles Hyman, Inc. v Olsen Indus.*, 227 AD2d 270, 276). Moreover, the stipulation recites that it is "an amendment to the written lease between the parties", and oral amendment is barred by the general merger clause contained in the lease (General Obligations Law § 15-301; *Opton Handler Gottlieb Feiler Landau & Hirsch v Patel*, 203 AD2d 72, 73; *see also*, *99 Realty Co. v Eikenberry*, 242 AD2d 215). Finally, defendant has not demonstrated his justifiable reliance on the purported oral modification of the stipulated settlement (*e.g.*, *Stendig, Inc. v Thom Rock Realty Co.*, 163 AD2d 46, 49) so as to furnish a basis for equitable relief on the ground of estoppel (*see*, *Bank of N. Y. v Murphy*, 230 AD2d 607, 608, *lv dismissed* 89 NY2d 1030). Concur—Sullivan, J. P., Rosenberger, Rubin and Williams, JJ.