OPINION OF THE COURT
Memorandum.
Judgment insofar as appealed from unanimously reversed without costs and matter remanded to the court below for a new trial.
In this small claims action, plaintiff purchased a used Jaguar automobile from defendants. Defendants were in the process of restoring the car when plaintiff purchased it. Defendants *870 partially restored the car at plaintiffs behest and plaintiff paid the three bills submitted by defendants relating to restoration before he took possession of the partially restored car. Immediately after plaintiff took possession of the car, the car’s brakes failed. Plaintiff commenced this action to recover for the cost of repairing the car’s brakes and having the car towed. Plaintiff also claimed that although he paid the three invoices submitted by defendants, he subsequently discovered that defendants did not do all of the work for which he was billed, that work was performed incorrectly and that he was overcharged with respect to the painting of the car. On appeal, plaintiff argues that the court erred in awarding him damages solely with respect to the defective brakes and towing charges.
The court’s determination that plaintiffs claims were barred by the doctrine of accord and satisfaction was incorrect. While an accord and satisfaction arises when a creditor accepts payment of less than the whole amount sought by the creditor in full settlement of a disputed unliquidated claim (Horn Waterproofing Corp. v Bushwick Iron & Steel Co., 66 NY2d 321, 324-325 [1985]; Merrill Lynch Realty/Carll Burr, Inc. v Skinner, 63 NY2d 590, 596 [1984]; Pothos v Averne Houses, 269 AD2d 377, 378 [2000]), an accord and satisfaction is not created if one of the parties to the agreement lacks full knowledge of the material facts (see Sabbagh v Pantano, 170 AD2d 411 [1991]).
In the instant action, it was uncontroverted that plaintiff paid the third bill without knowing that the labor charge set forth therein was partially attributable to the painting of the car. Accordingly, the doctrine of accord and satisfaction was inapplicable with respect to this bill due to plaintiffs lack of full knowledge of a material fact (see Sabbagh, 170 AD2d at 412). Likewise, because plaintiff claimed that he did not know that defendants utilized used parts and parts which were repaired to restore the car, no accord and satisfaction was entered into with respect to the first bill issued by defendants (id.). In addition, inasmuch as the first bill issued by defendants was concededly incorrect and plaintiff paid the full amount of the revised bill, an accord and satisfaction was not entered into with respect thereto (see Conboy, McKay, Bachman & Kendall v Armstrong, 110 AD2d 1042, 1043 [1985]). Similarly, inasmuch as plaintiff fully paid the second bill, the court erred in holding that the parties entered into an accord and satisfaction with respect to said second bill (see id.).
In light of the foregoing, the action is remanded to the Justice Court for a new trial for a determination of the merits of *871 plaintiffs claims. We note in passing that as to each claim, the court’s determination cannot rest solely upon hearsay evidence (see Levins v Bucholtz, 2 AD2d 351, 351-352 [1956]; see also Herstand & Co. v Gallery: Gertrude Stein, Inc., 211 AD2d 77, 83 [1995]).
Doyle, P.J., Lifson and Rudolph, JJ., concur.