*681 OPINION OF THE COURT
Michael D. Stallman, J.
It is ordered that respondents’ cross motion to dismiss the petition to confirm an arbitration award in an attorney fee dispute arbitration is granted; and it is further adjudged that the petition is denied and the proceeding is dismissed.
Petitioner Jay Arthur Goldberg, PC. seeks to confirm awards issued by arbitrators totaling $35,694.54 against all the respondents, arising out of an attorney fee dispute. Respondents cross-move to dismiss the petition, arguing that they invoked their right to de novo review of the awards by commencing an action against petitioner, pursuant to section 137.8 of the Rules of the Chief Administrator of the Courts (22 NYCRR).
Section 137.2 (a) of the Rules of the Chief Administrator states,
“In the event of a fee dispute between attorney and client, whether or not the attorney already has received some or all of the fee in dispute, the client may seek to resolve the dispute by arbitration under this Part. Arbitration under this Part shall be mandatory for an attorney if requested by a client, and the arbitration award shall be final and binding unless de novo review is sought as provided in section 137.8 of this Part.” (Emphasis added.)
Section 137.8 (a) states,
“A party aggrieved by the arbitration award may commence an action on the merits of the fee dispute in a court of competent jurisdiction within 30 days after the arbitration award has been mailed. If no action is commenced within 30 days of the mailing of the arbitration award, the award shall become final and binding.”
The notices of arbitration award against respondents are dated November 4, 2009. (Ross affirmation, exhibits F-I.) Respondents have submitted proof that they commenced an action, by summons with notice, on December 3, 2009, 30 Carmine LLC v Jay Arthur Goldberg, P.C. (index No. 116990/2009) (Ross affirmation, exhibit A).
The court rejects petitioner’s argument that respondents were not entitled to de novo review by virtue of the terms of the retainer agreements. Section 137.2 (c) of the Rules of the Chief Administrator states, “The attorney and client may consent in advance to arbitration pursuant to this Part that is final and *682 binding upon the parties and not subject to de novo review. Such consent shall be in writing in a form prescribed by the board of governors.” Respondents point out that the Board of Governors requires that the retainers contain a written waiver of a client’s right to de novo review. Section 6 (B) (2) of the Standards and Guidelines of the Board of Governors states,
“Under section 137.2 (c), the attorney and client may consent in advance to submit to arbitration that is final and binding and not subject to a trial de novo. To be valid on the part of the client, such consent must be knowing and informed and obtained in the manner set forth in section 6 (B) (1) of these Standards and Guidelines, except that the retainer agreement or other writing shall also state that the client understands that he or she is waiving the right to reject an arbitration award and subsequently commence a trial de novo in court.” (Unified Court System, Attorney-Client Fee Dispute Resolution Program, available at http://www.courts.state.ny.us/ admin/feedispute/pdfs/Standards.pdf [accessed Mar. 3, 2010] [emphasis added].)
Here, the retainers identically provide, in pertinent part, “we also have the right under Part 137 of the New York Rules of the Chief Administrator to arbitrate fee disputes between $1,000 and $50,000 which arbitration shall be final and binding” (petition, exhibit A). Respondents point out that the retainers do not contain the waiver language required under the Standards and Guidelines of the Board of Governors. Petitioner argues that the explicit waiver language required was intended for clients to understand their rights, and should not be applied to Ross, who is an attorney.
This argument lacks merit. “A waiver ‘is not created by negligence, oversight, or thoughtlessness, and cannot be inferred from mere silence.’ Rather, there must be proof that there was a voluntary and intentional relinquishment of a known and otherwise enforceable right.” (Golfo v Kycia Assoc., Inc., 45 AD3d 531, 533 [2d Dept 2007] [citation omitted]; Courtney-Clarke v Rizzoli Intl. Publs., 251 AD2d 13 [1st Dept 1998].) The Board of Governors has established that, for a knowing waiver, the retainer must explicitly provide that the client is waiving the right to de novo review. Because this language is not present in any of the retainers, there is no basis to find a waiver. The fact that Ross is an attorney does not alter this conclusion. It could also be argued that he fully expected that the language *683 of the retainers was ineffective to waive respondents’ rights, because he knew, as an attorney, that the retainers did not contain the language required under section 6 (B) (2) of the Standards and Guidelines of the Board of Governors.
The branch of respondents’ cross motion for sanctions against petitioner is denied. It cannot be said that the petition is frivolous, as defined in 22 NYCRR 130-1.1. Petitioner argued, albeit unsuccessfully, for an extension of the law.
Petitioner’s request for consolidation of this proceeding with respondents’ plenary action is denied. Because respondents are entitled to de novo review, the arbitral awards have no binding effect on the plenary action.