Macklowe Inv. Props. LLC v MIP 57th Dev. Acquisition LLC (2025 NY Slip Op 05192)

Macklowe Inv. Props. LLC v MIP 57th Dev. Acquisition LLC

2025 NY Slip Op 05192

Decided on September 30, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 30, 2025

Before: Kern, J.P., Scarpulla, Kapnick, Gesmer, Hagler, JJ. 

Index No. 656919/21|Appeal No. 4780|Case No. 2024-06639|

[*1]Macklowe Investment Properties LLC, Plaintiff-Appellant,
v
MIP 57th Development Acquisition LLC et al., Defendants-Respondents.

Feuerstein Kulick LLP, New York (Richard Trotter of counsel), for appellant.
Herrick, Feinstein LLP, New York (Meaghan Roe of counsel), for respondents.

Order, Supreme Court, New York County (Lyle E. Frank, J.), entered September 26, 2024, which, to the extent appealed from as limited by the briefs, denied plaintiff's motion for summary judgment on its breach of contract cause of action and granted defendant's motion for summary judgment dismissing the claim, unanimously affirmed, with costs.
"A condition precedent is an act or event, other than a lapse of time, which, unless the condition is excused, must occur before a duty to perform a promise in the agreement arises" (Oppenheimer & Co. v Oppenheim, Appel, Dixon & Co., 86 NY2d 685, 690 [1995] [internal quotation marks omitted]). Here, it is undisputed that the parties never entered into a leasing commission agreement, a condition precedent to defendants' obligation to pay plaintiff a commission pursuant to the parties' April 7, 2017 letter agreement. Defendants met their prima facie burden of establishing that their obligation to pay plaintiff a commission pursuant to the letter agreement was never triggered and thus that defendants did not breach the agreement.
Plaintiff failed to raise a triable issue of fact as to whether defendants waived the condition precedent. "Contractual rights may be waived if they are knowingly, voluntarily and intentionally abandoned. Such abandonment may be established by affirmative conduct or by failure to act so as to evince an intent not to claim a purported advantage" (Fundamental Portfolio Advisors, Inc. v Tocqueville Asset Mgt., L.P., 7 NY3d 96, 104 [2006] [internal quotation marks and citation omitted]). "[W]aiver should not be lightly presumed' and must be based on a clear manifestation of intent to relinquish a contractual protection" (id. [internal quotation marks omitted]). Defendants were not required to repeatedly remind plaintiff of its obligations under the agreement. Courts may not infer waiver from "mere silence" (Homapour v Harounian, 200 AD3d 575, 576 [1st Dept 2021] [internal quotation marks omitted]; see also Bank of N.Y. v Murphy, 230 AD2d 607, 608 [1st Dept 1996], lv dismissed 89 NY2d 1030 [1997]).
Plaintiff also argues that it raised an issue of fact as to whether defendants prevented the condition precedent from occurring. Under New York's prevention doctrine, "[i]f a promisor himself is the cause of the failure of performance of a condition upon which his own liability depends, he cannot take advantage of the failure" (Vector Media, LLC v Golden Touch Transp. of NY, Inc., 189 AD3d 654, 655 [1st Dept 2020] [internal quotation marks omitted]). The prevention doctrine applies where a party takes steps in bad faith to cause the condition precedent's failure (see Ellenberg Morgan Corp. v Hard Rock Cafe Assoc., 116 AD2d 266, 271 [1st Dept 1986]). While the record indicates that there was disagreement as to the amount of the commission to which plaintiff was entitled, defendants never indicated that they would not enter into "an industry-standard leasing commission agreement in form and substance reasonably satisfactory to" them, as set forth in the letter agreement. Defendants offered plaintiff a proposed leasing commission agreement in October 2019, and there is no evidence indicating that plaintiff ever countered with another proposed commission agreement, or that defendants declined to enter into a commission agreement or would have done so. Thus, plaintiff has not issued raised an issue of fact as to prevention.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 30, 2025