Avison Young N.Y., LLC v 459 W 50 ST LLC (2026 NY Slip Op 01400)

Avison Young N.Y., LLC v 459 W 50 ST LLC

2026 NY Slip Op 01400

Decided on March 12, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 12, 2026

Before: Kennedy, J.P., Gesmer, Mendez, Pitt-Burke, Rosado, JJ. 

Index No. 653521/22|Appeal No. 6077|Case No. 2024-03263|

[*1]Avison Young— New York, LLC, Plaintiff-Respondent,
v459 W 50 ST LLC et al., Defendants-Appellants, Croman Real Estate, Inc., Defendant.

Goldberg Weprin Finkel Goldstein, LLP, New York (Amy Markel Scotto of counsel), for appellants.
Herrick Feinstein, LLP, New York (Samuel J. Bazian of counsel), for respondent.

Judgment, Supreme Court, New York County (Lyle E. Frank, J.), entered April 12, 2024, against defendants 459 W 50 St. LLC and 182 Stanton LLC (collectively, the Owners) in the principal amount of $454,000, plus interest, and bringing up for review an order, same court and Justice, entered July 12, 2023, which granted plaintiff's motion for summary judgment on its breach of contract claim, unanimously affirmed, with costs.
Plaintiff, a commercial real estate services firm, and the Owners executed an Exclusive Right to Sell Agreement, which provided that plaintiff would act as the Owners' exclusive agent for the sale of four properties in New York City. Pursuant to the Agreement, plaintiff's commission would be calculated using a tiered commissions structure (Commissions Schedule), under which plaintiff was to receive 3% on the first $10,000,000, 2% on the amount between $10,000,000 and $20,000,000, and 1% on excess amounts above $20,000,000. The parties dispute whether this tiered commissions structure applies to the sale of each individual property or only if plaintiff sold all four properties.
The first of the four properties was sold for $21,250,000, for which plaintiff contends that it was owed $512,500 in commission. The Owners paid $212,500, which is 1% of the sale price. The second of the four properties was sold for $7,700,000, for which plaintiff contends that it was owed $231,000. The Owners paid $77,000, which is 1% of the sale price. Plaintiff alleged that a balance of $454,000 was due pursuant to the Agreement's Commissions Schedule.
Supreme Court properly granted summary judgment to plaintiff because plaintiff established prima facie that the Owners' failure to pay the full amount of commissions due was a breach of the plain terms of the Agreement (see Dreisinger v Teglasi, 130 AD3d 524, 527 [1st Dept 2015]). The Agreement obligated the Owners to pay a commission to plaintiff computed in accordance with the Commissions Schedule applying to the sale of any of the four properties. The Owners asserted no viable defense and otherwise failed to raise an issue of fact warranting denial of summary judgment.
The Owners' contention that the term "Gross Sale Price" in the Commissions Schedule applied only if the properties were sold "in gross" is not supported by the unambiguous language of the Agreement. The Agreement explicitly stated that "Gross Sale Price" provided that the commissions due to plaintiff would be based on the total sale amount, including the amount of any assumed mortgages and loans. It did not define "Gross Sale Price" as tied to the sale of multiple properties.
The Agreement defined each of the four properties covered by the Agreement singularly as a "Property" and collectively as the "Properties." The Agreement also provided that the Owners would pay commissions at the end of each sale. It did not restrict the payment of a commission to the completion of the sale of all four properties. Moreover, the Commissions Schedule referred to "sale transactions," implying multiple individual transactions, not one transaction for all four properties together, at the same time.
Any purported separate oral agreement providing that individual sales would be subject to a commission rate different than that set forth in the Agreement is precluded by the agreement's merger clause barring any alleged oral agreements outside of the parties' written agreement (see Cornhusker Farms v Hunts Point Coop. Mkt., 2 AD3d 201, 203-204 [1st Dept 2003]).
There is nothing in the record to suggest that at the time the partial or 1% commission payments to plaintiff were made that plaintiff accepted, or manifested any intent to accept those payments in satisfaction of the claim (see TIAA Global Invs., LLC v One Astoria Sq. LLC, 127 AD3d 75, 90 [1st Dept 2015]). To the contrary, plaintiff, on multiple occasions, took issue with the 1% payment and demanded payment of the commissions due. The Owners therefore cannot establish the defense of accord and satisfaction (see Courtney-Clarke v Rizzoli Intl. Publs., 251 AD2d 13, 13-14 [1st Dept 1998]).
We have considered the Owners' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 12, 2026