392

CORA. A. COUNTRYMAN, Respondent, v. DONALD H. BREEN, Appellant.
GERSHON J. COUNTRYMAN, Respondent, v. DONALD H. BREEN, Appellant.*

Fourth Department, May 9, 1934.

* Revg. 147 Misc. 246.

*Francis E. Cullen,* for the appellant.

*Delos M. Cosgrove,* for the respondents.

TAYLOR, J. These plaintiffs were injured because of a collision between an automobile owned and driven by appellant and one driven by plaintiff Gershon J. Countryman, in which the other plaintiff, his wife, was riding as a passenger. An action was commenced by each plaintiff against defendant in April, 1931. Plaintiff Gershon J. Countryman, died in March, 1932, and his wife was appointed administratrix. In January, 1932, after a jury had been chosen for the trial of the two actions together, a settlement agreement was made by the plaintiffs' attorney and one of the attorneys furnished to defendant by an insurance company carrying liability insurance for him. The settlement was made in open court, there is no dispute of fact, no claim of fraud, collusion, deceit or concealment. General releases and stipulations of discontinuance were passed and the insurance company within two months delivered a check for $3,500 to plaintiffs' attorneys in full settlement. Within a week thereafter and before the check could be cashed, the insurance company was adjudicated insolvent and payment of the check was stopped. Later orders were granted and judgments entered in favor of the plaintiffs and against defendant, *nunc pro tunc* as of January 21, 1932, the date of the agreed settlement. The hearing at Special Term was under a stipulated statement of facts. This statement, among other things, recited that under the insurance policy, in case of any claim against defendant, the insurance company would make all investigations, conduct all negotiations for settlement of any claims, defend any suit brought and pay all expenses and costs; furthermore, that defendant should not voluntarily assume any liability nor settle any claim except at his own cost and that he should not interfere in any negotiation for settlement by the insurance company, but should render all possible aid in securing evidence, etc., in case of suit. Pursuant to the policy defendant delivered the summonses and complaints to the insurance company which retained a law firm with whom defendant co-operated in proceeding to prepare for trial. The stipulation states that the settlement agreement was made between one of the attorneys for the plaintiffs and " one of the attorneys for the defendant." It further states that

defendant took no part (personally) in the negotiation of the settlement, was not consulted in connection with it and did not participate in the making of the settlement.

It is the law in the State of New York that an attorney cannot settle a suit and conclude his client in relation to the subject in litigation without the client's consent. (*Barrett* v. *Third Avenue R. R. Co.*, 45 N. Y. 628; *Mandeville* v. *Reynolds*, 68 id. 528; *Bush* v. *O'Brien*, 164 id. 205.) The great weight of authority throughout the United States is to the same effect. (*United States* v. *Beebe*, 180 U. S. 343, 352; 132 Am. St. Rep. 163; 76 Am. Dec. 261.) So if it be assumed that the insurance company attorneys were likewise attorneys for defendant, the compromise reached would be unauthorized as to defendant unless from this record we can evolve consent by defendant, express or implied, that the settlement be made.

The insurance contract between defendant and the company is an indemnity contract. The reason why absolute authority is given the insurer in the matter of settlements with claimants against the insured is obvious. And the authority of the insurer as to this is absolute. (*Best Building Co.* v. *Employers' Liability Assur. Corp.*, 247 N. Y. 451.) The insured cannot compel the insurer to settle nor prevent it from doing so. What was the engagement of defendant in the instant transaction? The attorneys representing the insurer — and through the insurer the defendant — agreed with plaintiffs' counsel in open court that the sum of $3,500 " should be paid to the plaintiffs in full settlement and release " and the case was taken from the calendar. There was no agreement that defendant would pay or that a judgment should be entered against anybody. Defendant was not present personally and did not consent then or thereafter that any judgment should go against him. He was, of course, willing that his insurer should compromise the claims against him. He could not prevent such a compromise if he tried. He did not concede liability or that he had been negligent; he may claim, or have, a perfect defense on the merits. While it appears that defendant was informed of the settlement on the same day upon which it was made and that for over a year thereafter he made no protests, we see nothing in such conduct which operates as an estoppel or as an admission under section 476 of the Civil Practice Act or otherwise. He had no reason for protesting or complaining or for retracting anything, for he had not stipulated or agreed to pay. Incidentally, plaintiffs also waited over a year before they made a move to obtain judgment against defendant.

We have come to the conclusion that this compromise as made did not reach so far as to permit judgments to be entered on it

against defendant on any promise to pay which binds him through his own act or vicariously. Nor does the " more innocent party rule " operate in favor of respondents. *Lee* v. *Rudd* (120 Misc. 407) is not an authority for respondents; for there the defendant participated personally in the settlement. The opinion in *Wecht* v. *Kornblum* (147 Misc. 653) favors the contention of appellant.

Plaintiffs are not without remedy. They placed the causes back on the court calendar in January, 1933. They have filed claims against the insurer with the Superintendent of Insurance. They may recover in full or in part in one way or the other.

The orders and judgments should be reversed on the law, with one bill of costs to appellant, and the motions denied.

All concur, except LEWIS, J., who dissents and votes for affirmance on the opinion of E. N. SMITH, J., at Special Term.

In each case: Judgment reversed on the law, with costs, and motion for judgment denied, with ten dollars costs.