## JAN PRODUCTS CO. v. MILLS BROS.
### Civ. 37–526.

United States District Court
S. D. New York.

Jan. 27, 1949.

Stroock & Stroock & Lavan, of New York City (David Sher and Howard M. Squadron, both of New York City, of counsel), for plaintiff.

Gallop, Climenko, Gould & Lynton, of New York City ('George Trosk, of New York City, of counsel), for defendants.

CONGER, District Judge.

Motion by plaintiff (1) for leave to amend the complaint by adding a fourth cause of action; and (2) for summary judgment on the same.

(1) This is granted upon consent.

(2) Preliminarily it may be noted that this motion is premature (See Rule 56 (a), Federal Rules Civil Procedure, 28 U. S.C.A.), but the defendant makes no issue of it, so it will be considered on the merits.

However, it is clear that this is not a case for summary judgment. The fact of the agreement itself is in dispute, and such an issue cannot be decided on controversial affidavits. Moreover, it cannot be presumed that defendant's attorney had authority to enter into a binding compromise. See Ricketts v. Pennsylvania R. Co., 2 Cir., 1946, 153 F.2d 757, 164 A.L.R. 387; Countryman v. Breen, 4th Dept. 1934, 241 App. Div. 392, 271 N.Y.S. 744, affirmed 268 N.Y. 643, 198 N.E. 536.

Where there are issues of fact, summary judgment cannot be granted where the slightest doubt remains. Arnstein v. Porter, 2 Cir., 154 F.2d 464. Measuring the affidavits submitted by defendant by the above rule I can only conclude that summary judgment is not indicated here.

Motion for summary judgment denied.

Settle order.