■ SALLY J. CHISERI, an Infant, by SALVATORE CHISERI, Her Guardian ad Litem, et al., Respondents, v. DENNIS DEMPSEY et al., Appellants.— In a negligence action to recover damages for personal and property injuries, etc.,.

defendants appeal from an order of the Supreme Court, Westchester County, dated December 20, 1971, which denied their joint motion (1) to dismiss the action for plaintiffs' failure to consummate an alleged settlement or (2) in the alternative to compel plaintiffs to consummate the settlement. Order reversed, with $10 costs and disbursements jointly to appellants appearing separately and filing separate briefs, and motion remitted to Special Term for a hearing and a new determination not inconsistent with the views set forth herein. Special Term did not make a finding as to whether plaintiff Salvatore Chiseri's wife had actual authority to agree to the settlement on his behalf. A hearing must be held to make this determination; and, if the necessary authority was not previously given, to determine whether Salvatore Chiseri ratified the terms of the settlement. Shapiro, Christ, Brennan and Benjamin, JJ., concur; Hopkins, Acting P. J., dissents and votes to affirm, with the following memorandum: The question really is whether the consent of the absent plaintiff, Salvatore Chiseri, to a settlement of his cause of action may be inferred from circumstances. Concededly, his wife, also a plaintiff, was present at the time the stipulation of settlement was made in open court, and so was his daughter, plaintiff Sally Jean Chiseri, whose own cause of action was likewise the subject of the settlement. Though their attorney stated that he had authority to make the settlement, that of course was not binding on the nonconsenting plaintiff (*Countryman* v. *Breen,* 241 App. Div. 392, affd. 268 N. Y. 643; *Silver* v. *Parkdale Bake Shop,* 8 A D 2d 607). It is not without significance that the settlement provided for the execution and delivery of " a dollar release " from Salvatore. Unless written authority from an absent plaintiff to an agent present in court to settle an action is produced in open court and made a part of the record, it is, in my opinion, improper and a practice of dangerous impact to permit authority to be inferred from circumstantial evidence. Here, plaintiffs Salvatore and Sally Chiseri and Salvatore's wife deny that authority was orally given by Salvatore to his wife. To permit the establishment of oral authority to settle a case would inevitably introduce uncertainty in the quick disposition of cases; and in these times of calendar congestion this is an overriding consideration.