■ LESLIE SMITH, Appellant, v GREGORY SMITH, Respondent. —In an action, *inter alia,* to rescind a deed, and to compel the defendant to reconvey the subject property to the plaintiff and pay over rents and profits from the property, the plaintiff appeals from an order of the Supreme Court, Kings County (Bernstein, J.), dated April 14, 1986, which, after a hearing on stipulated facts, denied the plaintiff's motion to enforce the terms of a stipulation of settlement of the action, and for damages for breach of the stipulation, without prejudice to the commencement of a plenary action.

Ordered that the order is reversed, in the exercise of discretion, with costs, and the matter is remitted to the Supreme Court, Kings County, for further proceedings; and it is further,

Ordered that the stay of the proceeding in the Civil Court of the City of New York, Kings County, entitled *Smith v Smith* (index No. L & T 42869/86), previously granted in an order of this court dated May 22, 1986, is continued pending the resolution of the instant motion.

In a stipulation of settlement of the underlying action, the plaintiff agreed to withdraw his claim to the subject property with prejudice in exchange, *inter alia,* for a $2,000 payment, a $30,000 mortgage and a 25-year lease on an apartment located on the property. The settlement was agreed to in open court, and no judgment was entered in the action. Six months later, the plaintiff moved to enforce the stipulation, claiming that the defendant failed to comply with its terms, particularly with respect to providing him with a lease. The plaintiff disputes the defendant's contention that the stipulation discontinued the underlying action and claims that his withdrawal of the action was conditioned upon the defendant's providing the consideration spelled out in the stipulation. In light of the plaintiff's contention and the ambiguous language in the stipulation, we cannot find that the agreement was "an express, unconditional stipulation of discontinuance" *(Teitel-*

*baum Holdings v Gold,* 48 NY2d 51, 56). Absent such an unconditional stipulation, the plaintiff had the option of seeking to enforce the stipulation by motion in the underlying action or in a new plenary action *(see, Teitelbaum Holdings v Gold, supra).*

Thus, we find that the court abused its discretion when it determined that the plaintiff must assert his claims in a plenary action. Under the circumstances of this case, a separate plenary action with its attendant delays would be unnecessarily burdensome to the litigants, particularly since an eviction proceeding is pending in the Civil Court involving the parties' rights under the stipulation. Mangano, J. P., Thompson, Niehoff and Spatt, JJ., concur.