■ HCE ASSOCIATES, Respondent, v 3000 WATERMILL LANE REALTY CORP., Appellant.—In an action, *inter alia,* to permanently enjoin the defendant from interfering with an easement, the defendant appeals from an order of the Supreme Court, Nassau County (Velsor, J.), dated March 26, 1986, which, after a hearing, granted a motion by the plaintiff to restore its prior motion for a preliminary injunction to the calendar and denied a cross motion by the defendant to vacate a stipulation of settlement.

Ordered that the order is affirmed, with costs.

The plaintiff and the defendant were the owners of adjacent parcels of commercial property in the Village of Williston Park in Nassau County. The plaintiff had an easement extending over the defendant's western property line for an area 10 feet wide by 150 feet long. However, in 1984, in the course of the construction of a new office building on its property, the defendant caused a curb to be built along its western property line, thereby effectively preventing the use of the plaintiff's easement.

The plaintiff commenced this action in the Supreme Court, Nassau County, seeking, *inter alia,* to require the defendant to remove the curb and to permanently enjoin the defendant from further interfering with the easement. The plaintiff moved for a preliminary injunction, and the court scheduled a

hearing on that application for June 21, 1984. On that date, the parties reached an agreement whereby the property line would be altered and the easement extinguished so that the defendant could provide a legally sufficient number of parking spaces for its building under the village's zoning ordinance and, in addition, the defendant could gain the approval of the New York State Department of Transportation for a curb cut onto Hillside Avenue so as to permit access to the building's parking lot. A stipulation of settlement was placed upon the record in open court, the pertinent terms of which were as follows: the defendant agreed to convey to the plaintiff the westerly portion of the easement, and the plaintiff agreed to relinquish its rights in the easterly portion of the easement; the defendant agreed to remove the previously constructed curb along the former property line, to erect a new three-foot high brick wall along the new property line, to repair and repave the plaintiff's parking lot to the new property line, and to install new curb cuts, one on the plaintiff's property and one on its own property; the defendant agreed to pay all expenses and fees in connection with the conveyance and improvements. All of the foregoing was made contingent upon the approval of the New York Department of Transportation for the two new curb cuts; and the plaintiff agreed to withdraw its application for a preliminary injunction from the calendar, with leave to restore upon notice, and, upon compliance with all of the foregoing, to discontinue its underlying action. The stipulation was silent regarding the approval of the Village of Williston Park, and regarding the consequences of the village's refusal to grant approval.

Prior to the stipulation, the defendant's architect represented to the parties that he had been assured that the parking lot configurations created by the proposed settlement would not run afoul of the village's zoning ordinance. However, subsequent to the stipulation, the architect was advised that under the revised village zoning ordinance, the parking lot for the defendant's building would actually require approximately 20 additional parking spaces. Nevertheless, the defendant took no steps toward securing a variance, nor did the defendant otherwise attempt to carry out its obligations under the stipulation.

In March 1985, approximately nine months after the stipulation of settlement, the plaintiff moved to restore its prior motion for a preliminary injunction to the calendar, claiming that the defendant had failed to abide by the stipulation. The defendant cross-moved to vacate the stipulation, asserting,

*inter alia,* that vacatur was required on the ground of impossibility of performance due to the inability to secure the approval of the village. Following a lengthy hearing, the court (Velsor, J.), in the order appealed from granted the motion and denied the cross motion. We affirm the order.

A stipulation of settlement, particularly one made in open court pursuant to CPLR 2104, is to be strictly enforced, and a party will not be relieved from the consequences of a stipulation unless it establishes cause sufficient to invalidate a contract, such as fraud, collusion, mistake or accident *(Hallock v State of New York,* 64 NY2d 224, 230; *Matter of Dolgin Eldert Corp.,* 31 NY2d 1, 10; *Matter of Frutiger,* 29 NY2d 143, 149-150; *Sontag v Sontag,* 114 AD2d 892, 893). Based on the evidence adduced at the hearing, the defendant failed to establish that performance of the stipulation had been rendered impossible. Although the defendant offered proof of certain impediments that might render compliance with the stipulation difficult, we agree with the Supreme Court that the defendant's claim of impossibility was merely speculative and unsubstantiated, falling considerably short of the showing required to set aside a stipulation entered into in open court *(Hallock v State of New York, supra,* at 230; *Matter of Frutiger, supra,* at 149-150). For example, the evidence indicates that the defendant failed to even attempt to perform its obligations under the stipulation; in particular, it made no application to the village for a variance. Under these circumstances, the defendant's claim of impossibility was properly discredited.

We further note that although a plenary action is necessary in order to enforce or set aside an express stipulation of settlement or a judgment entered in accordance with the terms of a settlement stipulation or agreement, the parties may proceed by motion where the settlement stipulation does not terminate the lawsuit *(Teitelbaum Holdings v Gold,* 48 NY2d 51, 53). In this case, where the stipulation of settlement expressly provided that the underlying action for a permanent injunction would not be discontinued until some time in the future, upon the defendant's compliance with the other conditions set forth therein, it cannot be said that the action was terminated by the stipulation. Accordingly, a plenary action was not required. In any event, the parties may, by stipulation, chart their own course in litigation *(see, Kraker v Roll,* 100 AD2d 424, 436). Mangano, J. P., Bracken, Niehoff and Spatt, JJ., concur.