■ WILLIAM CIRRINCIONE et al., Respondents, v JOSEPH A. BRUNO, INC., Defendant, and CLUNE, WHITE & NELSON, Appellant.—In an action, *inter alia,* to recover damages for legal malpractice and negligence, the defendant Clune, White & Nelson appeals from an order of the Supreme Court, Westchester County (Ferraro, J.), dated February 19, 1987, which granted the plaintiffs' motion for enforcement of a stipulation of settlement and denied the appellant's cross motion for a stay of the action or alternatively for an order vacating the stipulation.

Ordered that the order is affirmed, with costs.

In this action, *inter alia,* to recover damages for legal malpractice allegedly committed by the appellant, the parties agreed, in an open court, to a stipulation of settlement, *inter alia,* pursuant to which the appellant had to pay $20,000 to

the plaintiffs. At the time of the stipulation, all parties were unaware that the appellant's insurance carrier had been placed under the supervision of the Pennsylvania Insurance Department six days earlier and that no loss payments could be made without the written approval of an official of that agency. No payments were subsequently made by the carrier on behalf of the appellant.

The Supreme Court correctly ruled that the stipulation of settlement should be enforced. Stipulations of settlement are favored by the courts and are not lightly set aside. This is all the more so in the case of stipulations in open court within CPLR 2104 *(Hallock v State of New York,* 64 NY2d 224). A stipulation made of settlement is enforceable as a binding contract if it is definite and complete upon its face *(Term Indus. v Essbee Estates,* 88 AD2d 823). The parties to a stipulation may have it set aside only for reasons which would allow a contract to be set aside, such as fraud, collusion, mistake or accident *(Hallock v State of New York, supra).* The instant stipulation entered into in open court was definite and complete upon its face and was not predicated upon fraud, collusion, mistake or accident. The appellant's contention that the stipulation was predicated upon a mutual mistake is unfounded because the source of the settlement payment was immaterial to the plaintiffs. Moreover, the stipulation does not include any language which conditions payment on the solvency of the appellant's insurance carrier. Therefore, the Supreme Court's decision to enforce it was entirely correct. Thompson, J. P., Kunzeman, Eiber and Sullivan, JJ., concur.