(April 10, 1989)

■ Isabel Abady, Respondent, v Robert Abady, Appellant.— In an action to set aside a separation agreement, the defendant husband appeals from (1) an order of the Supreme Court, Dutchess County (Jiudice, J.), entered May 17, 1988, which granted the plaintiff wife's motion to enforce the terms of a stipulation of settlement between the parties by granting her leave to enter a money judgment in the principal sum of $9,160.84, and (2) a judgment of the same court, entered June 3, 1988, in favor of the plaintiff and against him in the principal sum of $9,160.84.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment thereon *(see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

The parties' stipulation dated April 18, 1986, expressly provided for the discontinuance of the underlying action to set aside the parties' separation agreement upon the defendant's compliance with certain conditions relative to the payment of certain sums of money to the plaintiff as set forth therein. It is undisputed that the defendant failed to fully comply with the conditions. Absent an unconditional termination of the action to set aside the separation agreement, the plaintiff was at liberty to proceed by motion in the underlying action or in a new plenary action *(see, Teitelbaum Holdings v Gold,* 48 NY2d 51, 53; *HCE Assocs. v 3000 Watermill Lane Realty Corp.,* 131 AD2d 543, 545; *Smith v Smith,* 128 AD2d 768). Thus, we find that the Supreme Court properly permitted the plaintiff to proceed by motion to enforce the stipulation.

On appeal, the defendant does not seek to invalidate the stipulation but rather claims he should be relieved from performance of his obligations thereunder due to the plaintiff's interference with his visitation rights with the parties' daughter as provided in the parties' separation agreement. The stipulation of settlement was placed upon the record in open court and, therefore, is to be strictly enforced *(see, Hallock v State of New York,* 64 NY2d 224, 230; *HCE Assocs. v 3000 Watermill Lane Realty Corp., supra).* A party will be relieved from the consequences of a stipulation only where there is cause sufficient to invalidate a contract *(see, Hallock v State of New York, supra; Term Indus. v Essbee Estates,* 88 AD2d 823, 824-825; *Schweber v Berger,* 27 AD2d 840). The defendant has failed to make a sufficient showing. Since the terms of the separation agreement were not incorporated into the stipulation, the plaintiff's alleged breach of its terms is of no legal consequence to the defendant's obligations under the stipulation. Under these circumstances, the defendant remains bound by the terms of the stipulation. Thompson, J. P., Bracken, Brown and Rubin, JJ., concur.