■ In the Matter of Roosevelt Raceway, Inc., Appellant, v Board of Assessors of the County of Nassau et al., Respondents.—In a real estate tax certiorari proceeding pursuant to Real Property Tax Law article 7, the petitioner appeals from an order of the Supreme Court, Nassau County (McGinity, J.), entered February 6, 1989, which denied its motion to enforce the stipulation of settlement.

Ordered that the order is reversed, on the law, without costs or disbursements, the motion is granted, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings consistent herewith.

After several pretrial conferences, the parties executed a written stipulation settling the petitioner's proceeding seeking a reduction in the tax assessment of its real property. Alleging

that the respondents failed to issue the refund contemplated by the stipulation, the petitioner moved to enforce the stipulation and for the entry of an appropriate judgment. Though the motion was unopposed, it was denied by the Supreme Court.

It is well established that stipulations of settlement are "strictly enforced, and a party will not be relieved from the consequences [thereof] unless it establishes cause sufficient to invalidate a contract, such as fraud, collusion, mistake or accident" *(HCE Assocs. v 3000 Watermill Lane Realty Corp.,* 131 AD2d 543, 545; *see also, Hallock v State of New York,* 64 NY2d 224; *Abady v Abady,* 149 AD2d 448; *Cirrincione v Joseph A. Bruno, Inc.,* 143 AD2d 722). Stipulations may also be deemed unenforceable when they are "unreasonable", "against good morals" or "against sound public policy" *(Matter of New York, Lackawanna & W. R. R. Co.,* 98 NY 447, 453; *Kraker v Roll,* 100 AD2d 424, 436; *Nishman v De Marco,* 76 AD2d 360, 368).

In the instant case, the court denied the motion, *inter alia,* because of unidentified newspaper reports about the value of the petitioner's property and about the possibility that the petitioner planned to discontinue the property's present use as a racetrack. Yet, even assuming, arguendo, the accuracy of such reports, they do not warrant a finding that the stipulation was against public policy, nor do they constitute any other grounds for denying the motion. Thus, the stipulation should be enforced.

However, because the amount of taxes the petitioner has paid to date is unclear from the record, a hearing is necessary to ascertain whether the petitioner is entitled to a refund, and if so, the amount of such a refund, or whether the respondents should be directed to issue a new tax bill reflecting the reduced assessment, in accordance with the terms of the stipulation. Mangano, P. J., Brown, Kooper and Harwood, JJ., concur.