■ PEARL G. NEWMAN, Appellant, v JOHN HOLLAND et al., Respondents.—Mercure, J. Appeals (1) from two orders of the Supreme Court (Torraca, J.), entered July 5, 1990 and December 3, 1990 in Ulster County, which, *inter alia,* denied plaintiff's motion to set aside an open-court stipulation between the parties, and (2) from an order of said court, entered November 13, 1990 in Ulster County, which denied plaintiff's motion for renewal.

Plaintiff and defendants are the owners of separate parcels of real property located on an unnamed private road which extends in an easterly direction from State Route 212 to Mink Hollow Road in the Town of Woodstock, Ulster County. At its intersection with Mink Hollow Road, the road crosses Mink Hollow Creek. Plaintiff's property is situated at the east end of the road, at or near its intersection with Mink Hollow Road. Claiming, *inter alia,* that defendants had interfered with her rightful use of the road and failed to contribute to the cost of repair of the bridge over Mink Hollow Creek, plaintiff commenced this action seeking monetary, declaratory and injunctive relief.

On the day scheduled for trial, the parties entered into a stipulation of settlement which was spread upon the record by plaintiff's attorney in open court and in the presence of plaintiff and defendants. As is relevant to this appeal, the stipulation provided that the bridge over Mink Hollow Creek was to be reconstructed at its present location in accordance with engineers' specifications, with the cost of bridge construction and future repairs to be borne by the four landowners, including plaintiff, in equal shares. In furtherance thereof, each landowner was to place $9,000 in escrow within 10 days of the date of the order approving the stipulation. The stipula-

tion further provided that defendant Beth Tucker was to execute a deed releasing any right which she had to use of the bridge and that plaintiff was to similarly release her right to use of the road to the west of her property over the lands of Tucker and defendants John Holland and Joan Herman.

Plaintiff thereafter made a *pro se* application to set aside the stipulation upon the grounds that there was merit to her claim of right to use the entire length of the road and that her attorney did not inform her that under the terms of the stipulation she was waiving her right to use of the road. Supreme Court denied plaintiff's motion and her subsequent motion to renew. These appeals followed.

We affirm. A party will be relieved from the consequences of a stipulation made during litigation "[o]nly where there is cause sufficient to invalidate a contract, such as fraud, collusion, mistake or accident" *(Hallock v State of New York,* 64 NY2d 224, 230; *see, Cantamessa v Cantamessa,* 170 AD2d 792, 793; *Matter of Roosevelt Raceway v Board of Assessors,* 161 AD2d 598, 599; *McClain Realty v Rivers,* 144 AD2d 216, 217, *lv dismissed* 73 NY2d 995). Plaintiff has made no such showing here. Rather, she devotes the greater part of her argument to a discussion of the perceived merits of the underlying litigation and of the evidence which would have been proffered had there been a trial. The claim that plaintiff did not understand the meaning of the words "dismissal on the merits" is directly contradicted by the transcript of the proceedings in Supreme Court. Significantly, after reciting that "[t]here will be a dismissal on the merits as to the use of the road over the Tucker and Holland and Herman parcels", plaintiff's attorney took additional pains to explain that a dismissal on the merits was equivalent to a waiver of all claims regarding use of the road and right-of-way over those properties. Plaintiff's presence in court and failure to object to the terms of the stipulation defeats the claim that her attorney lacked authority to enter into it *(see, Hallock v State of New York, supra,* at 231).

We also conclude that plaintiff's motion to renew was properly denied in view of the fact that the additional information submitted on the application was previously available to plaintiff, and she did not establish a justifiable excuse for not placing such facts before Supreme Court in the first instance *(see, Zebrowski v Kitchens,* 172 AD2d 972). At any rate, the additional submission did not provide a basis for setting aside the stipulation.

Weiss, J. P., Mikoll, Yesawich Jr. and Levine, JJ., concur. Ordered that the orders are affirmed, with costs.