■ JOSEPHINE NUCCIO et al., Respondents, v ME AND THE GANG, LTD., Doing Business as COMMACK ROLLER RINK, Appellant. [611 NYS2d 275] —In an action to recover damages for personal injuries, etc., the defendant appeals, as limited by its brief, from (1) so much of an order of the Supreme Court, Suffolk County (Henry, J.), dated July 24, 1992, as granted the plaintiffs' motion for leave to enter judgment against the defendant pursuant to an infant compromise order of the same court dated February 3, 1992, and denied the defendant's cross motion to vacate the infant compromise order, and (2) so much of a judgment of the same court, dated November 9, 1992, as is in favor of the plaintiffs and against the defendant in the principal sum of $10,000.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed insofar as appealed from; and it is further,

Ordered that the respondents are awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (see, CPLR 5501 [a] [1]).

The infant plaintiff allegedly was injured when she fell at the defendant roller rink. An action was brought against the defendant, and the defendant's insurance carrier retained an attorney to represent the defendant. The parties entered into a stipulation of settlement, in which it was agreed that the insurance carrier would pay $15,000 to settle the claim. The court signed an infant's compromise order.

The insurance carrier sent two checks to the plaintiffs' attorney, one for $5,000 and one for $10,000. The $5,000 check was paid. However, the insurance company's checking account was subsequently frozen and the $10,000 check was not paid. The plaintiff then moved for judgment against the defendant in the sum of $10,000 and the defendant cross-moved, inter alia, to have the infant compromise order vacated. The court granted the plaintiffs' motion and denied the defendant's cross motion.

We find that the court did not err in rendering judgment against the defendant. Under the circumstances of this case, the common sense reading of the stipulation of settlement and the infant compromise order is that the defendant obligated itself to pay the $10,000 (see, Serna v Pergament Distribs., 182 AD2d 985). There was no unequivocal expression that the settlement was conditioned upon payment by the insurance carrier, nor was the source of payment material to the plaintiffs (see, Cirrincione v Joseph A. Bruno, Inc., 143 AD2d 722). In addition, there was no indication in the stipulation of settlement that the defendant did not personally take part in the negotiation of the settlement, was not consulted in connection with it, and did not participate in its making (cf., Countryman v Breen, 241 App Div 392, affd 268 NY 643). Mangano, P. J., Thompson, Joy and Friedmann, JJ., concur.