■ In the Matter of THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v COURT REPORTING INSTITUTE, INC., et al., Appellants. [658 NYS2d 399] —In a proceeding pursuant to Executive Law § 63 (12), inter alia, to enjoin the appellants' allegedly improper business practices, Court Reporting Institute, Inc., Mary Hauptman, and Ted Doukas appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Lockman, J.), dated July 31, 1996, as (1) denied their motion to modify the parties' stipulation by reducing the amount of the bond that they were required to post from $300,000 to $50,000, and (2) granted the cross motion of the People of the State of New York to compel them to post a bond in the amount of $300,000.

Ordered that the order is affirmed insofar as appealed from, with costs.

The New York State Attorney-General commenced this proceeding against Court Reporting Institute, Inc., a trade school, and its principals, pursuant to Executive Law § 63 (12), inter alia, to enjoin certain allegedly improper business practices. The court issued an ex parte temporary restraining order (hereinafter TRO), which enjoined the appellants, inter alia, from accepting new students or disposing of funds in its bank accounts. Upon the appellants' subsequent motion to vacate the TRO, the parties entered into a stipulation in open court which modified the terms of the TRO and included a provision requiring the appellants to post a bond in the amount of $300,000. Several weeks later, after learning that they would have to provide full collateral for such a bond, the appellants moved to modify the stipulation by reducing the bond to $50,000. The Supreme Court denied the motion.

A stipulation entered into in open court may not be lightly

set aside but requires a showing of fraud, collusion, mistake, or accident *(see, Hallock v State of New York,* 64 NY2d 224, 230). The appellants contended that the stipulation should be modified because it was based on a mutual mistake regarding the necessity of providing full collateral for the bond. To prevail on this claim, the appellants were required to establish that the mistake was substantial and that, in some material respect, the stipulation did not represent a "meeting of the minds" of the parties *(Matter of Gould v Board of Educ.,* 81 NY2d 446, 453).

The Supreme Court properly denied the appellants' motion. The Attorney-General's consent to mitigate some of the more onerous terms of the TRO was based in part on the appellants' agreement to post a $300,000 bond. The terms of the stipulation do not suggest that the cost of such a bond to the appellants was a significant consideration and there is no indication that this issue was material to the Attorney-General *(see, e.g., Cirrincione v Joseph A. Bruno, Inc.,* 143 AD2d 722).

The appellants' remaining contention is without merit. O'Brien, J. P., Ritter, Altman and McGinity, JJ., concur.