OPINION OF THE COURT
Robert W. Doyle, J.
This matter arose out of a motor vehicle accident which oc *817 curred. on April 12, 1994. This action was subsequently settled pursuant to a release executed by the plaintiffs and stipulation of settlement dated October 26, 1998. The stipulation provides “the within action is settled on the following terms: By fixing the settlement amount in the amount of $17,500, which amount is to be recommended for allowance to the court, pursuant to the New York State Insurance Law, by petition of the Superintendent of Insurance as liquidator on the condition that where required, either the plaintiffs or the defendants have filed a timely claim in said insolvency proceeding” and “that the plaintiffs and/or his attorney will not reduce the settlement to judgment or take any other action, including execution against the defendant personally until at least six (6) months after approval and allowance of the claim by the court in the insolvency proceeding”. At the time the stipulation was executed by the parties the defendants’ insurance carrier had already been declared insolvent pursuant to an order dated January 7, 1998 (Hon. Paula J. Omansky, J.S.C.).
Plaintiffs now move for an order directing that judgment be entered against the defendants or that a hearing be held to determine the date upon which interest from the settlement should be computed. Plaintiffs’ attorney alleges that on June 4, 1999 he was advised by a representative of the New York State Liquidation Bureau that “the ‘paperwork’ had not been submitted to the Court in Albany for approval, that the process would take approximately six months”. Plaintiffs’ attorney alleges that, notwithstanding his transmission of form releases to the attorneys for the defendant in November of 1998, these forms were not received by the Insurance Department’s Liquidation Bureau until plaintiffs’ attorney responded to a letter from the Liquidation Bureau’s Claims Processor, dated June 7, 1999, which requested, inter alia, submission of a general release in order to obtain an allowance for plaintiffs’ claim. Plaintiffs’ attorney contends that the delay in receipt of the settlement funds is excessive and is the result of the defendants’ breach of an implied condition of the stipulation that reasonable promptness be used by the defendants’ attorneys in processing papers necessary for the insolvency court’s approval of the claim.
Defendant contends that settlements involving insurance companies declared insolvent pursuant to Insurance Law article 74 are exempt from the prompt payment rule of CPLR 5003-a, because of the inherent delays in the processing of such claims. Defendant submits in support a letter dated July *818 12, 1999 from Joseph Termini, Special Deputy Superintendent of Insurance, to this court and an affidavit from Millicent Witt, a claims examiner for the New York State Insurance Department Liquidation Bureau. Mr. Termini states:
“By Order entered August 5, 1997, Home Mutual was declared insolvent and placed into receivership under Article 74 of the Insurance Law. As of that date, claims covered by policies issued by Home Mutual have been paid out of the Security Funds which were created to pay claims covered by policies issued by insolvent insurers. Without the Security Funds, there would be no insurance coverage for this claim.
“Unlike ordinary insurance claims, claims covered by the Security Funds cannot be paid upon settlement. They must be ‘allowed’ by Order of the Court supervising the liquidation of the insurer Insurance Law § 7603 (a)(1). Following the entry of the Order allowing the claim, the funds for payment of the claim must be requested from the Commissioner of Taxation and Finance.
“In recognition of the delays inherent in the liquidation process and the mandatory statutory procedure for payment of claims covered by the Security Funds, CPLR §5003-a, which provides for the prompt payment of settlements, specifically excludes settlements subject to Article 74 of the Insurance Law. See, CPLR §5003-a (f).”
Ms. Witt states that “the defendants should not be penalized because of delays inherent in paying claims under Articles 74 and 76 of the Insurance Law”. Defendant also contends that plaintiffs’ application is premature under the terms of the stipulation since the plaintiffs’ claim has not been allowed by the insolvency court and that reduction of the claim to judgment would violate defendants’ right to procedural due process.
Plaintiffs’ papers submitted in support of the motion fail to demonstrate that six months have elapsed since approval and allowance of plaintiffs’ claim by the court in the insolvency proceeding. Moreover, plaintiffs’ attorney’s allegation merely that “paperwork” has not been submitted to the insolvency court fails to demonstrate that any delay in processing of the plaintiffs’ claim in the liquidation proceeding is attributable to the defendants’ conduct. Plaintiffs have also failed to demonstrate that the defendants’ attorneys acted in bad faith. The terms of the stipulation impose a duty on either the plaintiffs’ attorneys or the defendants’ attorneys to submit the papers necessary to support a timely claim in the insolvency proceedings. Transmittal of these papers to the defendants’ attorney *819 does not relieve the plaintiffs’ attorney of its own obligations under the stipulation. This court also agrees with defendants’ contention because of delays inherent in the liquidation process CPLR 5003-a (f) specifically excludes settlements subject to article 74 of the Insurance Law from the operation of CPLR 5003-a which provides for the prompt payment of settlements. Accordingly, plaintiffs’ motion for entry of judgment or for a hearing to fix the accrual of settlement interest is denied.