■ LOUIS KERGARAVAT et al., Appellants, v HAMPTON COACH, INC., et al., Respondents. [748 NYS2d 759] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Queens County (LeVine, J.), dated August 30, 2001, which denied their motion to enforce a stipulation of settlement between the parties and to direct

the entry of judgment against the defendants personally in the amount of $550,000 pursuant to the stipulation of settlement.

Ordered that the order is affirmed, with costs.

The defendants' insurance carrier was adjudicated insolvent in January 1998. The defendants are represented in this action by an attorney acting of counsel to an attorney appointed to represent the policyholders and former policyholders of their insolvent insurance carrier. The stipulation of settlement at issue was entered into by the attorneys for the parties without the parties being present. It was noted on the record that "[t]he insurance carrier [was] representing the defendants in this matter."

Thereafter, the attorneys for the parties signed a written stipulation of settlement. The plaintiffs noted that the settlement would be paid from security funds maintained pursuant to article 76 of the Insurance Law, set aside for insolvent insurance carriers.

The plaintiffs personally signed a general release contingent upon payment of $550,000 from State funds set aside for insolvent insurance carriers. By order of the Supreme Court, New York County (Gans, J.), dated February 1, 2001, the Liquidator of New York Merchant Bakers Insurance Company was authorized to pay the settlement out of the Public Motor Vehicle Liability Security Fund, maintained pursuant to Insurance Law § 7604. However, when the plaintiffs learned that the Public Motor Vehicle Liability Security Fund was underfunded, and they would have to wait for payment, they made the instant motion for leave to enter judgment against the defendants personally.

The Supreme Court denied the plaintiffs' motion on the ground that CPLR 5003-a authorizing entry of judgment against a defendant without notice in the event a stipulation of settlement is not paid does not apply to settlements involving insolvent insurance carriers (see CPLR 5003-a [f]).

However, the plaintiffs moved to direct the entry of judgment against the defendants pursuant to the common-law principle that, absent an unconditional stipulation of discontinuance, a plaintiff is entitled to seek enforcement of a stipulation of settlement by motion in the underlying action (see *Patel v Orma,* 190 AD2d 782, 782-783; *HCE Assoc. v 3000 Watermill Lane Realty Corp.,* 131 AD2d 543, 545). Therefore, CPLR 5003-a (f) was not dispositive of their motion.

Nevertheless, the motion to direct the entry of judgment was properly denied. This Court has held that where the record as a

whole unequivocally establishes that it was the intent and understanding of the parties that the settlement would be paid out of state funds set aside for the payment of claims against insolvent insurance carriers, and there is no indication that the defendants personally participated in negotiation of the settlement in any way, entry of judgment against the defendants personally would be improper (*see Cobrin v DeLuna,* 143 AD2d 723, 725; *see also Countryman v Breen,* 241 App Div 392, *affd* 268 NY 643). In the instant case, the record as a whole unequivocally establishes that it was the intent and understanding of the parties that the settlement would be paid out of state funds set aside for the payment of claims against insolvent insurance carriers. There is no indication that the defendants personally participated in negotiation of the settlement in any way. The settlement was entered into by an attorney who was acting of counsel to the attorney appointed by court order to represent the insolvent insurance carrier. The attorney stated on the record that "[t]he insurance carrier [was] representing the defendants in this matter." In view of the foregoing, entry of judgment against the defendants personally would be improper (*see Cobrin v DeLuna, supra; Countryman v Breen, supra; cf. Nuccio v Me & the Gang,* 204 AD2d 289, 290; *Cirrincione v Joseph A. Bruno, Inc.,* 143 AD2d 722). Altman, J.P., Goldstein, H. Miller and Rivera, JJ., concur.