■ LINDA POTENZIERI et al., Respondents, v CARLOS A. BASILIO et al., Appellants. [751 NYS2d 879] —In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Kings County (Schmidt, J.), dated January 22, 2002, which granted the plaintiffs' motion for leave to enter judgment against the defendants personally in the amount of $22,500 pursuant to a stipulation of settlement between the parties, to the extent of authorizing entry of judgment if the plaintiffs were not paid "within 30 days after the replenishment of the Public Motor Vehicle Fund."

Ordered that the order is reversed, on the law, without costs or disbursements, and the motion is denied.

This Court has held that where the record as a whole unequivocally establishes that it was the intent and understanding of the parties that a settlement would be paid out of State funds set aside for the payment of claims against insolvent insurance carriers, and there is no indication that the defendants personally participated in negotiation of the settlement in any way, entry of judgment against the defendants personally would be improper (*see Kergaravat v Hampton Coach,* 298 AD2d 432; *Cobrin v DeLuna,* 143 AD2d 723, 725; *see also Countryman v Breen,* 241 App Div 392, *affd* 268 NY 643). In the instant case, the record as a whole unequivocally establishes that it was the intent and understanding of the parties that the settlement would be paid out of state funds set aside for the payment of claims against insolvent insurance carriers. There is no indication that the defendants personally participated in negotiation of the settlement in any way. In view of the foregoing, entry of judgment against the defendants personally would be improper (*see Kergaravat v Hampton Coach, supra*).

This case demonstrates a recurring problem (*see Kergaravat v Hampton Coach, supra*) which warrants remedial action by the Legislature to insure reasonably prompt payment of claims against insolvent insurance carriers. Ritter, J.P., Goldstein, Crane and Mastro, JJ., concur.