■ NIGEL PILE et al., Respondents, v WINSTON GRANT et al., Appellants, et al., Defendants. [839 NYS2d 778]—

In an action, inter alia, for specific performance of a stipulation for the purchase of certain shares of corporate stock, the defendants Winston Grant and Philmore Pile appeal from a judgment of the Supreme Court, Kings County (Partnow, J.), entered April 25, 2006, which, upon an order of the same court dated March 7, 2006, granting the plaintiffs' motion for summary judgment on the first and second causes of action insofar as asserted against them, directed them to deliver and transfer all of their shares of stock in National Pride Travel, Inc., to the plaintiff Nigel Pile in exchange for the agreed-upon consideration in the sum of $672 per share, and declared that if either

of these defendants failed to deliver and transfer his shares of stock in National Pride Travel, Inc., within 10 business days of the plaintiff Nigel Pile tendering the agreed-upon consideration, the plaintiff Nigel Pile will be deemed to have all right, title, and interest in and to said defendants' shares of stock in National Pride Travel, Inc., and said defendants shall no longer retain any rights in or to his shares of stock in National Pride Travel, Inc., and the books and records of National Pride Travel, Inc., may be amended to reflect said transfer and change in ownership of said shares of stock.

Ordered that the judgment is affirmed, with costs.

The plaintiffs commenced this action to enforce a stipulation entered into in a proceeding to dissolve a corporation, in which the appellants agreed that they would purchase the shares of stock in the corporation owned by the plaintiff Nigel Pile, and that if they did not do so on or before June 13, 2005, they would sell their own shares of stock in the corporation to Pile at an agreed-upon price.

Contrary to the appellants' contentions, the stipulation constituted "[a]n agreement between parties or their attorneys relating to any matter in an action" (CPLR 2104) and was reduced to a properly subscribed writing (*id.*), and must therefore be regarded as a valid, binding contract, "subject to settled principles of contractual interpretation" (*McCoy v Feinman,* 99 NY2d 295, 302 [2002]; *see Hallock v State of New York,* 64 NY2d 224, 230 [1984]). Moreover, the plaintiffs were entitled to seek enforcement of the stipulation in a plenary action (*see Teitelbaum Holdings v Gold,* 48 NY2d 51, 55 [1979]; *Abady v Abady,* 149 AD2d 448 [1989]; *Smith v Smith,* 128 AD2d 768 [1987]).

The appellants further contend that the stipulation was not enforceable because it was not filed with the County Clerk, as required under CPLR 2104. That contention, having been raised for the first time on appeal, is not properly before this Court (*see Miller v Village of Wappingers Falls,* 289 AD2d 209, 210 [2001]) and, in any event, is without merit.

In support of their motion for summary judgment on the first and second causes of action against the appellants, the plaintiffs made a prima facie showing that the appellants failed to purchase Nigel Pile's shares of stock on or before June 13, 2005, and thereafter, in effect, refused to sell their shares to Pile. In opposition, the appellants failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted the plaintiffs' motion.

The appellants' remaining contentions are without merit. Prudenti, P.J., Santucci, Covello and Carni, JJ., concur.