■ JOEL B. WATERMAN, Appellant, v WEINSTEIN MEMORIAL CHAPEL et al., Respondents. [853 NYS2d 623]—

The plaintiff commenced the instant action, inter alia, to re-

cover damages for emotional distress he allegedly suffered as a result of the alleged mishandling of his mother's remains during funeral services and interment. With respect to the plaintiff's allegations of negligent and intentional mishandling of the body, the movants, in support of their separate motions, made a prima facie showing of their entitlement to judgment as a matter of law (*see Sarlo v Fairchild Sons,* 256 AD2d 322 [1998]; *cf. Massaro v O'Shea Funeral Home,* 292 AD2d 349 [2002]). In opposition, the plaintiff offered his deposition testimony that the casket and vault were defective and failed adequately to protect the remains from outside contaminants but failed to support his conclusions with evidence establishing the existence of the alleged defects or the opinion of an expert that the casket and vault would fail to protect the remains. Thus, his conclusory allegations were insufficient to raise a triable issue of fact (*see Zuckerman v City of New York,* 49 NY2d 557, 562 [1980]).

With respect to the cause of action alleging fraud, in opposition to the defendants' establishment, prima facie, of their entitlement to summary judgment, the plaintiff failed to make a sufficient evidentiary showing to raise a triable issue as to whether the defendants made misrepresentations (*see Del Vecchio v Nassau County,* 118 AD2d 615, 618 [1986]; *Brown v Lockwood,* 76 AD2d 721, 730-731 [1980]).

The plaintiff contends that certain statutes and regulations governing the funeral home industry give rise to a private right of action. This argument is raised for the first time on appeal and is not properly before this Court (*see Pile v Grant,* 41 AD3d 810, 811 [2007]).

The plaintiff's remaining contentions are without merit. Rivera, J.P., Skelos, Santucci and Leventhal, JJ., concur.