■ RALPH R. CANINO, Respondent, v ELECTRONIC TECHNOLOGIES COMPANY et al., Appellants. [856 NYS2d 683]—

Lahtinen, J.

Plaintiff was injured when he fell from a ladder in March 1998 while working for defendant Electronic Technologies Company at premises owned by defendant International Business Machines Corporation (hereinafter IBM). He commenced an action alleging, among other things, a Labor Law § 240 claim against defendants. After a jury had been selected, the parties stipulated to a settlement of the action on May 16, 2006. The terms of that stipulation, which were placed on the record, included that IBM "has agreed to mail the settlement draft [of $500,000] payable to [plaintiff] within 21 days of today's date postmarked on or about June 6th of 2006" and, if untimely, "[p]laintiff will be entitled to obtain and file a judgement for the amount of this settlement against the defendant IBM."

The payment was not made in a timely fashion as agreed.

IBM had been insured at the time of the accident by Reliance Insurance Company, which went into receivership in 2001. The stipulation required by the Liquidation Bureau of the State Insurance Department provided that "plaintiff understands and accepts that there may be significant delay in payment." Plaintiff, who was 83 years old when the case settled, refused to sign that stipulation because it was at odds with the terms of the open court settlement. Defendants moved to amend the stipulation of settlement based upon mistake and plaintiff cross-moved for judgment against defendant. Supreme Court denied defendants' motion and granted plaintiff's cross motion. Defendants appeal.

Defendants contend that, at the time the parties entered into the settlement, there was a mistaken understanding as to the time necessary for the Liquidation Bureau to process a settlement payment. Stipulations of settlement are favored and parties will not be relieved of the terms of a settlement made in open court absent a showing sufficient to vitiate a contract, such as fraud, collusion, mistake or accident (*see Hallock v State of New York*, 64 NY2d 224, 230 [1984]; *Robison v Borelli*, 239 AD2d 656, 657 [1997]). While CPLR 5003-a (f) contains a specific exemption from the prompt payment requirements of that statute for settlements subject to Insurance Law article 74, the parties made no reference in their settlement to CPLR 5003-a or the involvement of the Liquidation Bureau. The terms of the settlement are unambiguous and, to the extent there was a mistake, it was a unilateral mistake by defendants, which does not release a party from a settlement stipulation (*see Carney v Carozza*, 16 AD3d 867, 868-869 [2005]). The fact that IBM's insurer is in receivership and the Liquidation Bureau is not obligated to pay within a particular time frame does not relieve IBM from its explicit promise to pay within the agreed upon time.

Defendants' remaining arguments were not asserted before Supreme Court and, in any event, are without merit.

Mercure, J.P., Spain, Rose and Kane, JJ., concur. Ordered that the order and judgment are affirmed, with costs.