■ JANKOFF JOINT VENTURE II, LLC, Respondent, v BAYSIDE FUEL OIL CORP., Appellant, et al., Defendants. (And a Third-Party Action.) [903 NYS2d 459]—

In an action, inter alia, to recover damages for breach of contract, the defendant Bayside Fuel Oil Corp. appeals, as

limited by its brief, from so much of an order of the Supreme Court, Kings Court (Schmidt, J.), dated September 18, 2009, as granted that branch of the plaintiff's motion which was to enforce a stipulation of settlement to the extent of directing the entry of judgment against it and in favor of the plaintiff in the principal sum of $10,000, and (2) a judgment of the same court dated November 9, 2009, which, upon the order, is in favor of the plaintiff and against it in the principal sum of $10,000.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, that branch of the plaintiff's motion which was to enforce a stipulation of settlement to the extent of directing the entry of judgment against the defendant Bayside Fuel Oil Corp. and in favor of the plaintiff in the principal sum of $10,000 is denied, and the order is modified accordingly; and it is further,

Ordered that one bill of costs is awarded to the appellant.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501 [a] [1]).

Where the record as a whole unequivocally establishes that it was the intent and understanding of the parties that a settlement would be paid out of funds of the Liquidation Bureau of the New York State Department of Insurance that were set aside for the payment of claims against insolvent insurance carriers, and there is no indication that the defendant personally participated in negotiation of the settlement in any way, entry of judgment against the defendant personally is improper (see Potenzieri v Basilio, 300 AD2d 557 [2002]; Kergaravat v Hampton Coach, 298 AD2d 432, 433-434 [2002]; Cobrin v De-Luna, 143 AD2d 723, 725 [1988]; see also Countryman v Breen, 241 App Div 392 [1934], affd 268 NY 643 [1935]; cf. Canino v Electronic Tech. Co., 49 AD3d 1050 [2008]).

Here, the parties all were aware before entering into a so-ordered stipulation of settlement (hereinafter the stipulation) that Reliance Insurance Company (hereinafter Reliance), the insurer of the defendant Bayside Fuel Oil Corp. (hereinafter Bayside), was insolvent. Indeed, in support of the plaintiff's motion to enforce the stipulation, the plaintiff's counsel averred that Bayside was represented by Reliance, "a company now in liquidation with the State of New York, Insurance Department, Liquidation Bureau [hereinafter the DOI]," and that "[c]ounsel

representing the Liquidation Bureau participated in the negotiation and execution of the stipulation" before the Supreme Court. Further, the plaintiff served its notice of motion to enforce the stipulation on the DOI as well as on Bayside's counsel, who averred in his affirmation in opposition that he was counsel to the attorney designated as counsel to the DOI's attorney of record in Reliance's liquidation proceedings. Moreover, the stipulation was signed by Bayside's counsel, not Bayside.

Thus, the record reveals that Bayside did not personally participate in the negotiation and execution of the stipulation (*cf. Nuccio v Me & the Gang*, 204 AD2d 289, 290 [1994]). In addition, the plaintiff was placed on notice that the stipulation was entered into by an attorney who was acting as counsel to the attorney appointed by court order to represent Reliance, the insolvent insurance carrier. Accordingly, the record as a whole establishes that it was the intent and understanding of the parties that the settlement would be paid out of Liquidation Bureau funds set aside for the payment of claims against insolvent insurance carriers (*see Potenzieri v Basilio*, 300 AD2d at 557; *Kergaravat v Hampton Coach*, 298 AD2d at 433-434; *Cobrin v DeLuna*, 143 AD2d at 725; *see also Countryman v Breen*, 241 App Div at 394). Moreover, in recognition of the delays inherent in the liquidation process, and the mandatory statutory procedure for payment of claims to be paid from State funds, CPLR 5003-a, which provides for the prompt payment of settlements, specifically excludes settlements, such as the one in dispute, that are subject to article 74 of the Insurance Law (*see* CPLR 5003-a [f]; *see e.g. Asseng v Arbacas*, 181 Misc 2d 816, 818 [1999]).

In view of the foregoing, entry of judgment against Bayside was improper (*see Potenzieri v Basilio*, 300 AD2d at 557; *Kergaravat v Hampton Coach*, 298 AD2d at 434; *Cobrin v DeLuna*, 143 AD2d at 725; *see also Countryman v Breen*, 241 App Div at 394; *cf. Canino v Electronic Tech. Co.*, 49 AD3d 1050 [2008]).

The plaintiff's remaining contentions are without merit. Mastro, J.P., Miller, Leventhal and Belen, JJ., concur.