In an action to recover damages for personal injuries, etc., the defendants Ian Rajiu Sahai and Amy N. Sahai appeal from an order of the Supreme Court, Queens County (Lebowitz, J.), entered September 22, 2011, which denied their motion to vacate a judgment of the same court entered July 16, 2010, which, upon an order of the same court dated March 30, 2007, granting the plaintiffs’ unopposed motion for leave to enter judgment against them on the issue of liability upon their default in appearing or answering, and after an inquest, was in favor of the plaintiffs and against them in the principal sum of $1,050,000, and for leave to serve a late answer.
Ordered that the order entered September 22, 2011, is affirmed, with costs.
The Supreme Court properly denied the appellants’ motion pursuant to CPLR 5015 (a) (1) to vacate a default judgment entered against them. The affidavits of the plaintiffs’ process server established, prima facie, that the appellants were properly served with process pursuant to CPLR 308 (2) (see Bank of N.Y. v Segui, 68 AD3d 908, 909 [2009]; Cavalry Portfolio Servs., LLC v Reisman, 55 AD3d 524, 525 [2008]; Jefferson v Netusil, 44 AD3d 621 [2007]). Although a defendant’s sworn denial of receipt of a copy of the summons and complaint gener *821 ally rebuts the presumption of proper service established by the process server’s affidavit and necessitates an evidentiary hearing (see Skyline Agency v Coppotelli, Inc., 117 AD2d 135, 139 [1986]), no hearing is required where the defendant fails to swear to specific facts to rebut the statements in the process server’s affidavits (see US Natl. Bank Assn. v Melton, 90 AD3d 742, 743 [2011]; US Bank, N.A. v Arias, 85 AD3d 1014, 1015 [2011]; Scarano v Scarano, 63 AD3d 716 [2009]; Simonds v Grobman, 277 AD2d 369, 370 [2000]).
In support of the appellants’ motion to vacate their default, the appellant Amy N. Sahai denied, in an affidavit, that she received any mailing concerning this action and, although she admitted that her relatives were present at the address where process was served, she claimed that she did not live at that address and that none of her relatives fit the description in the affidavits of service. The appellants failed to submit any documentary evidence to support the claim of Amy N. Sahai that she did not reside at the subject premises at the time that she was served, and they failed to submit an affidavit from a relative at that address denying receipt of a copy of the summons and complaint or stating that the appellants did not live there (see Foster v Jordan, 269 AD2d 152, 153 [2000]). Furthermore, the appellants failed to rebut the evidence submitted by the plaintiffs in opposition to the motion to vacate the judgment, demonstrating that the appellants had represented, in several real estate documents, that the address where process was delivered and mailed was a one-family dwelling in which they resided (cf. Toyota Motor Credit Corp. v Lam, 93 AD3d 713, 714 [2012]; U.S. Bank, N.A. v Arias, 85 AD3d 1014, 1016 [2011]). In light of the foregoing, the appellants failed to demonstrate a reasonable excuse for their defaults and, thus, they were not entitled to relief pursuant to CPLR 5015 (a) (1).
Similarly, the appellants were not entitled to relief pursuant to CPLR 317. While, under CPLR 317, it was unnecessary for the appellants to offer a reasonable excuse for their defaults (see Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d 138, 141 [1986]), they failed to demonstrate that they did not personally receive notice of the commencement of the action in time to defend it (see Wassertheil v Elburg, LLC, 94 AD3d 753, 754 [2012]; Fleisher v Kaba, 78 AD3d 1118, 1119 [2010]; Levine v Forgotson’s Cent. Auto & Elec., Inc., 41 AD3d 552 [2007]).
The appellants’ remaining contentions are not properly before this Court, as they are being raised for the first time on appeal (see Waterman v Weinstein Mem. Chapel, 49 AD3d 717, 718 [2008]; Pile v Grant, 41 AD3d 810 [2007]; Evergreen Sys. v *822 Geotech Lizenz, 155 AD2d 584 [1989]). Angiolillo, J.E, Balkin, Austin and Miller, JJ., concur.