OPINION OF THE COURT
Donald Scott Kurtz, J.
The decision and order on this motion and cross motion is as follows:
Defendants move for an order staying the Kings County Judgment Clerk from entering a judgment and plaintiff cross-moves for an order compelling said Clerk to enter a judgment in the sum of $4,000,000 plus interest.
Plaintiff alleges she sustained serious personal injury on February 7, 2013 when she was struck by an automobile operated by defendant Rondell Rodney and owned by defendant Bay Ridge Toyota. At the time of the accident, defendants were insured under a commercial automobile policy issued by Castle-point Insurance Company in the amount of $1,000,000. Defendants were also insured under a commercial umbrella policy issued by Tower Insurance Company which provided coverage of $5,000,000 per occurrence in excess of the $1,000,000 policy. On June 8, 2016 and June 14, 2016, the parties entered into private mediation. In addition to the attorneys for plaintiff and defendants, representatives from defendants’ primary and excess insurers were in attendance at the mediation. No settlement was reached at the mediation. However, the action was settled shortly thereafter for $4,000,000.
Plaintiff’s attorney signed a settlement agreement and release on July 25, 2016. The settlement agreement provided that payments were due after July 31, 2016. On July 28, 2016, the California Insurance Commissioner’s application with the California Superior Court for an order appointing the Commissioner as conservator for the defendants’ insurers was granted. Defendants’ attorney allegedly learned of the conservatorship on or about August 10, 2016. Defendants’ attorney notified plaintiff’s attorney that a hearing date was scheduled for September 13, 2016 for the Commissioner’s motion to approve the proposed conservation and liquidation plan.
On August 18, 2016, plaintiff’s attorney sent defendants’ attorney an email stating:
*1007 “Because of the problems with Castlepoint and Tower, I filed papers with the California Court, CA Commissioner of Insurance, and his attorneys putting them on notice of our settled case. To complete the paperwork they need a copy of the NAM Mediation Settlement Agreement . . . . As I was at NAM today on another case, Mediator Peter Merani completed the settlement Agreement form which I signed. See attachment.”
The email requested that defendants’ attorney sign the national arbitration and mediation agreement (hereinafter NAM agreement) so that plaintiffs attorney could file it with the Commissioner who had been appointed conservator. The NAM agreement stated that “[a] 11 the defendants shall pay to [plaintiff] $4,000,000.00.” It provided further that payments shall be made “no later than as per CPLR or other mutually agreeable time.” Defendants’ attorney executed the NAM agreement, which was dated June 17, 2016.[1] On October 9, 2016, the California Conservation and Liquidation Office advised all parties of a proposed payment of settlement including a $1,000,000 cash contribution and the balance of the settlement upon providing proof of claim.[2] On October 11, 2016, plaintiff e-filed an application for a judgment against the defendants personally in the sum of $4,000,000. Defendants moved by order to show cause to stay the entry of a judgment and plaintiff cross-moved for an order directing the entry of a judgment.
CPLR 5003-a provides in pertinent part:
“(a) When an action to recover damages has been settled, any settling defendant . . . shall pay all sums due to any settling plaintiff within twenty-one days of tender, by the settling plaintiff to the settling defendant, of a duly executed release and a stipulation discontinuing action executed on behalf of the settling plaintiff. . .
“(e) In the event that a settling defendant fails to promptly pay all sums as required by subdivisions (a), (b), and (c) of this section, any unpaid plaintiff *1008 may enter judgment, without further notice, against such settling defendant who has not paid. . . .
“(f) Nothing in this section shall apply to settlements subject to article seventy-four of the insurance law or to future installment payments to be paid pursuant to a structured settlement agreement.”
CPLR 5003-a was enacted to encourage the prompt payment of damages in settled actions. (See Cunha v Shapiro, 42 AD3d 95, 101 [2007], lv dismissed 9 NY3d 885 [2007]; Pitt v New York City Hous. Auth., 106 AD3d 797, 797 [2d Dept 2013].)
Article 74 of the Insurance Law governs rehabilitation, liquidation, conservation and dissolution of insurers. “[I]n recognition of the delays inherent in the liquidation process, and the mandatory statutory procedure for payment of claims to be paid from State funds, CPLR 5003-a, which provides for the prompt payment of settlements, specifically excludes settlements . . . that are subject to article 74 of the Insurance Law.” (Jankoff Joint Venture II, LLC v Bayside Fuel Oil Corp., 74 AD3d 886, 888 [2d Dept 2010]; see Asseng v Arbacas, 181 Misc 2d 816, 818 [Sup Ct, Suffolk County 1999].) Moreover,
“where the record as a whole unequivocally establishes that it was the intent and understanding of the parties that the settlement would be paid out of state funds set aside for the payment of claims against insolvent insurance carriers, and there is no indication that the defendants personally participated in negotiation of the settlement in any way, entry of judgment against the defendants personally would be improper.” (Kergaravat v Hampton Coach, 298 AD2d 432, 433-434 [2d Dept 2002] [citations omitted]; see Potenzieri v Basilio, 300 AD2d 557 [2d Dept 2002].)
Defendants contend that pursuant to CPLR 5003-a (f), the settlement was exempt from the prompt payment rule and plaintiff is barred from entering a judgment. Moreover, defendants argue that just because its insurer became insolvent, plaintiff is not permitted to impose liability on the defendants personally and enter judgment.
Plaintiff argues that the NAM agreement dated June 17, 2016 is binding between the plaintiff and the defendants individually, and not their insurance carriers. The NAM agreement provides for payment “no later than as per CPLR or other *1009 mutually agreeable time.” Therefore, plaintiff contends, CPLR 5003-a (a) and (e) apply to said agreement.
The court finds that CPLR 5003-a (f) is clearly applicable to the settlement agreement. The parties entered into a detailed settlement agreement, which plaintiff signed on July 25, 2016. Three days later, and before payment was due, an application for a conservatorship was granted. Therefore, the settlement agreement is subject to article 74 of the Insurance Law and plaintiff cannot enter judgment pursuant to CPLR 5003-a (a) and (e). (See Jankoff Joint Venture II, LLC v Bayside Fuel Oil Corp., 74 AD3d at 888.) Plaintiff now looks to ignore said settlement agreement and instead cross-moves to enter judgment against the defendants personally based upon the NAM agreement.
The NAM agreement was in fact executed after the aforementioned settlement agreement and after plaintiff became aware that defendants’ insurers were in conservatorship. The email which accompanied the request to sign the NAM agreement specifically stated that plaintiff already filed paperwork with the California court and that the NAM agreement was just needed to “complete the paperwork they needed.” At that point, all parties were aware that the insurers were in conservator-ship and the limited purpose for which the NAM agreement was being signed. (See Asseng v Arbacas, 181 Misc 2d at 818.) Moreover, it is undisputed that defendants did not personally participate in the negotiations. (See Jankoff Joint Venture II, LLC v Bayside Fuel Oil Corp. at 888 [wherein the Second Department found that under similar circumstances entry of judgment against the defendant personally was improper].)
In view of the foregoing, defendants’ motion staying the Kings County Judgment Clerk from entering a judgment is granted and the cross motion to compel said Clerk to enter a judgment is denied.

. Plaintiff tacitly acknowledges that the NAM agreement dated June 17, 2016 was actually signed over two months later.

. In its moving papers, defendants allege that on or about November 8, 2016, the California Conservation and Liquidation Office advised that the conservator’s proposed payments in satisfaction of the settlement is now $2,000,000 in cash ($1,000,000 each from the primary and excess insurers) and a pre-approved proof of claim for the balance of $2,000,000.